O'Neil *v.* Beck, Assignee.

---

## O'NEIL *v.* BECK, ASSIGNEE.

VOLUNTARY ASSIGNMENTS.—*Debtor's Exemption.*—*Enlargement of by Implication.*—*Statute Construed.*—The act of March 29th, 1879, Acts 1879, p. As between such trustees and persons other than the State, it will for debts from three hundred dollars to six hundred dollars, equally enlarges, by implication, the amount to be reserved to the debtor making an assignment under the act of 1859 providing for voluntary assignments.

SAME.—*Act of* 1879.—The act of 1879, *supra,* is, by its terms, only applicable to debts contracted after the taking effect thereof ; and it can not therefore exempt property under the assignment law beyond the amount mentioned therein, as against creditors whose debts were contracted before the act took effect.

SAME.—*Exemption where there are Debts Contracted Before and After Act of* 1879 *Took Effect.*—Where, upon an assignment being made, there are debts contracted before and after the taking effect of the act of

1879, the law can be justly and practically applied by setting apart the additional three hundred dollars' worth of property from the bulk of the assets, and allowing to the debtor such a proportion thereof, or of the proceeds, as his subsequent debts bear to the whole of his debts, and distributing the residue thereof, or of the proceeds ratably to the prior creditors, in addition to what they may receive in common with the subsequent creditors.

From the Marion Circuit Court.

*E. C. Buskirk* and *P. W. Bartholomew*, for appellant.

*A. T. Beck* and *J. A. Buchanan*, for appellee.

WORDEN, J.—Michael O'Neil made an assignment of his effects to Albert T. Beck for the benefit of his creditors, under the provisions of the act of 1859 providing for voluntary assignments, etc., 1 R. S. 1876, p. 142, and had property set off to him to the amount of $300 as provided for by the 9th section of that act. He afterward applied to the assignee to set him off $300 more under the provisions of the act of March 29th, 1879, providing for a homestead, etc. Acts 1879, p. 127. This was refused by the assignee on the ground that one of the debts against him was contracted before the passage of the act of 1879. Afterward O'Neil filed his petition in the court below, setting out the facts and asking that the assignee be directed to allow him the additional $300 claimed; but the court refused to make the order, and dismissed his petition. Exception.

The first question presented by the record is whether the act of 1879 works any change in that of 1859.

We think it clear that it was intended by the act of 1859 to exempt from the assignment, and to save to the debtor, just the amount that was exempted from sale on execution against the debtor. In each case the amount of the exemption was $300. See 2 R. S. 1876, p. 353, sec. 1. There could not then, nor can there now, be any reason why the debtor should not be entitled to equal favor where he voluntarily surrenders his property

for the benefit of his creditors under the assignment law, as where it is to be seized and sold on execution against him. In either case he is entitled to such exemption as the Legislature, in pursuit of a beneficent and enlightened public policy, may think proper; and that policy dictates the same exemption in the one case as in the other.

The act of 1879 increases the amount of property exempted from sale on execution for debts to $600. And we think, in accordance with the spirit and purpose of the act of 1879, it should be held to equally enlarge by implication the amount to be reserved to the debtor making an assignment under the act of 1859.

This construction, however, can prevail only in cases, and to the extent, to which the act of 1879 is applicable. The act of 1879 exempting property to the amount of $600 is, by its express terms, only applicable to debts contracted after the taking effect thereof; and it cannot, of course, exempt property under the assignment law beyond the amount mentioned therein, as against creditors whose debts were contracted before the taking effect of the act.

But there seems to be no difficulty in making a just and practical application of the law in cases where there are prior and subsequent debts. By prior and subsequent debts we mean debts contracted before and after the taking effect of the act of 1879.

By setting apart the additional $300 worth of property from the bulk of the assets, and allowing to the debtor such a proportion thereof, or of the proceeds thereof, as his subsequent debts bear to the whole of his debts, and distributing the residue thereof, or of the proceeds thereof, ratably to the prior creditors, in addition to what they may receive in common with the subsequent creditors, the law will be carried out, and justice will be done to all the

the creditors. In this way the prior creditors will receive just what they would if the act of 1879 had not been passed, and the subsequent creditors just what they are entitled to under the act of 1879. This, we think, is what should have been ordered by the court below.

To be sure, the appellant asked the whole additional $300, and this he could not have because there was a debt contracted before the taking effect of the act of 1879. But this is no reason why he should not have had such an order as would have secured him such a portion of the $300 as he might be entitled to on the principle above indicated.

It is objected that there was no motion for a new trial, and that the evidence is not in the record. We think, however, that it clearly enough appears by the record, that the court decided against the petitioner and dismissed his petition, not as upon the trial thereof, but upon the ground that, in the opinion of the court, the matters stated in the petition did not entitle him to any relief.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.