No. 12,018.

## HASSELD ET AL. *v.* SEYFORT, ASSIGNEE.

VOLUNTARY ASSIGNMENTS.—*Omitted Property.—Execution.—Right to Possession.*—Under the statute of this State regulating assignments for the benefit of creditors, when personal property is omitted from the schedule, whether by mistake or otherwise, and is afterwards surrendered to the trustee, or is taken possession of by him as a part of the estate, he may, as against executions subsequently issued and levied, retain and dispose of it in the execution of the trust.

SAME.—*Purpose of Statute.—Assignor's Property in Custody of Court.*—The purpose of the statute is to carry into the trust all of the assignor's property, and when a failing debtor takes advantage of its provisions, he thereby places his property in the custody of the court, to be disposed of by the trustee under its direction and control.

From the Owen Circuit Court.

*L. B. Swift,* for appellants.

*J. C. Robinson, I. H. Fowler, H. J. Milligan* and *W. H. H. Miller,* for appellee.

ZOLLARS, J.—We take from appellee's brief the following summary of the facts in the case, which is substantially correct: "On the 24th day of December, 1883, John Kayser, by deed, that day recorded in Greene county, Indiana, made a voluntary assignment, under the statute of Indiana, of all his property to appellee, in trust for the benefit of all his creditors. The appellee, on that day, duly qualified as trustee and took possession of the property specifically described in the deed of assignment. Learning from the assignor that in the adjoining county of Clay there were certain articles of personal property—the same here in controversy—which were not specifically described in the schedule accompanying the deed, through, it appears, oversight and misapprehension, the trustee demanded of the assignor that they be delivered into his possession as part of the assigned estate, and they were so delivered and taken into full possession by the trustee on the next day after the assignment, to wit, December 25th, 1883, and on the 28th of the same month inventoried

with the other assigned property as part of the assets in the hands of the trustee for the benefit of all the creditors. On December 27th, 1883, the appellants recovered judgments against the assignor before a justice of the peace, and on that day levied executions on the Clay county personal property, which had two days before come into the possession of the trustee as above recited. This action was then instituted by appellee before the justice to try his right to the property. It is assumed by both parties that at the date of assignment, the title to the property in dispute was vested in the assignor."

Judgment was rendered for appellee in the circuit court, giving him the property in dispute, as against the claim of appellants under their executions.

In support of their motion for a new trial, and under the assigned error in the overruling of that motion, appellants insist that the judgment is not sustained by sufficient evidence, and is contrary to law.

Their contention is, that the so called Clay City property, consisting of boots and shoes, did not pass to the assignee, although it was surrendered to and taken possession of by him as a part of the assigned estate, for the benefit of all the creditors, because it is not described in the schedule which accompanied the indenture of assignment. They rest their contention upon the rule, that where general words are followed by a specific clause, the latter will restrict and limit their operation, and the instrument will be construed according to the specific clause; and also upon a class of cases in which it has been held, that in the application of this rule, general words of grant in deeds of assignment will be limited by and restricted to the property described in the schedule, to which reference is made in the deed for a more specific description, and that no property will pass to the assignee except such as is described in such schedule.

These cases, undoubtedly, rule the law correctly, where the assignment is purely voluntary, without reference to, or un-

affected by statutes, and where a different intent is not made to appear.

Whether the rule they lay down is applicable and controlling here, will depend upon the construction that shall be given to our statute, and the indenture of assignment executed by Kayser to appellee.

Section 2662, R. S. 1881, provides that any debtor in embarrassed or failing circumstances may make a general assignment of *all* his property, in trust for the benefit of his *bona fide* creditors; and that assignments for such purpose, except as provided for in the act, shall be deemed fraudulent and void.

Section 2663 is as follows: "All assignments under this act shall be by indenture duly signed and acknowledged before some person duly authorized to take the acknowledgment of deeds, and shall, within ten days after the execution thereof, be filed with the recorder of the county in which the assignor resides, whose duty it shall be to record the same as deeds are recorded. The indenture of assignment shall contain a full description of all real estate thus assigned, and be accompanied by a schedule containing a particular enumeration and description of all the personal property assigned; and the assignor shall make oath, * * * that said indenture and schedule contain a statement of all the property, rights, and credits belonging to him, or of which he has any knowledge, and that he has not directly or indirectly transferred or reserved any sum of money or article of property for his own use or the benefit of any other person, and has not acknowledged a debt or confessed a judgment to any person or persons for a sum greater than was justly owing to such person or persons, or with the intention of delaying or defrauding his creditors. No assignment under this act shall convey to the assignee any interest in the property so assigned until such assignment is recorded as provided for in this section."

Section 2664 provides that within fifteen days after the execution of the assignment, the trustee shall file a copy of

the assignment and schedule in the office of the clerk, and shall, before entering upon the execution of the trust, make oath that the property assigned has been actually delivered into his possession for the uses declared in the assignment, and of the probable value of the property so assigned, etc.

Section 2666 provides that for the neglect of such duties, the court may remove the trustee and appoint another.

Section 2667 provides that the trustee shall, within thirty days after entering upon the duties of his trust, make and file, under oath, a full and complete inventory of all the property, real and personal, the rights, credits, interests, profits and collaterals which shall have come to his hands, *or of which he may have obtained knowledge as belonging to the assignor.* It is further made his duty, whenever any property not mentioned in said inventory *comes to his hands, or when he obtains satisfactory information of the existence of such property,* to file an additional inventory of the same, under like regulations, etc.

Section 2676 provides that if the trustee or a creditor shall satisfy the court that the assignor has fraudulently *withheld,* or has fraudulently transferred any part of his property, such court, or the judge thereof in vacation, may order the arrest of the assignor, and the person to whom such fraudulent transfer is believed to have been made, etc., have him or them brought before the court, and subject such property as has been fraudulently withheld or transferred, to the operation of the general trust.

An examination of the statute, of which the above sections are a part, makes it apparent that its purpose is to carry into the trust all of the assignor's property, and that where a person takes advantage of its provisions and makes an assignment for the benefit of his creditors, he thereby places his property in the custody of the court, to be disposed of by the assignee under the direction and control of the court. *Grubbs* v. *Morris,* 103 Ind. 166. By the indenture of assignment, and the proceedings under it, the title to the prop-

erty passes to the trustee for the purpose of the trust, and only for that purpose, because the court may remove the trustee named in the indenture of assignment and appoint another in his stead. The trustee thus appointed has the same title to the property that his predecessor had, although no separate or additional indenture is made to him by the assignor.

It is apparent too, that some property at least, whether real or personal, becomes subject to the trust, although not described in the indenture of assignment or schedule.

Property fraudulently withheld, or fraudulently conveyed, of course, will not be described in the deed or schedule, and yet such property, upon the discovery of it, will be subjected to the operation of the general trust. See *Simpson* v. *Warren*, 55 Maine, 18; *Pillsbury* v. *Kingon*, 33 N. J. Eq. 287 (36 Am. R. 556); *Klapp* v. *Shirk*, 13 Pa. St 589; *Thomas* v. *Talmadge*, 16 Ohio St. 433. And so, section 2664 makes it the duty of the trustee to make oath that the property assigned has been delivered into his possession for the uses declared in the assignment. This, doubtless, has reference to the property described in the deed and schedule. Section 2667 requires him to make and file an inventory of this property, and also of the property of which he shall have obtained knowledge as belonging to the assignor. If, after making such inventory, other property comes into his hands, or he obtains satisfactory information of the existence of other property, he is required to make and file an additional inventory. If all the property is described in the deed and schedule accompanying it, there could be no such thing as discovering other property of the assignor. Succeeding sections make it the duty of the trustee to have all the property in the inventories appraised, and to proceed to sell it and make report. It thus seems to be made apparent, that the trustee may, at least, take possession of and sell personal property that is not described in the deed and schedule.

In the case of *Faxon* v. *Durant,* 9 Met. 339, where a debtor assigned property, described in a schedule, in trust for his creditors, and afterwards delivered to the assignee a chattel not included in the schedule, either knowing that it was not so included therein, or intending, whether it was so included or not, that it should be appropriated to the benefit of his creditors, it was held that the property in the chattel passed to the assignee in trust for the creditors, and that the assignor could not reclaim it.

However it might be in the absence of a statutory provision upon the subject, we feel satisfied that under our statute, when personal property is omitted from the schedule, whether by mistake or otherwise, and is afterwards surrendered to the trustee, or is taken possession of by him as a part of the estate, he may, as against executions subsequently issued and levied, retain and dispose of it in the execution and for the purposes of the trust.

Having reached this conclusion, questions made upon the admission of some of the evidence becomes immaterial.

The indenture of assignment very plainly manifests the intention on the part of the assignor to assign all of his property. It is therein stated that being indebted to various and numerous creditors, and being in embarrassed and failing circumstances, he is desirous that *all* his property and effects shall be devoted to the payment of said debts, in a fair and ratable proportion, and that to consummate that purpose, and to secure the aid and benefits of the above statute providing for a general assignment for the benefit of creditors, the assignment is made, etc.

Following these declarations of the purpose of the assignment are the terms of grant, as follows: " The said John Kayser, by this instrument, does hereby sell, assign, convey and transfer to George Seyfort, all the property of whatsoever kind belonging to him, or in which he has any interest, being the following real estate : * * * And all goods, wares and merchandise, together with accounts, claims, demands,

notes and choses in action.   A more particular description is hereto attached and made a part hereof, marked ' Exhibit A' (he reserving for his own use said property to the value of $600 under the exemption laws), to be held and disposed of by said George Seyfort in trust," etc.

An affidavit is attached, containing an oath by the assignor that the indenture and schedule contain a statement of all his property of which he had any knowledge.   The schedule referred to does not contain a description of the property here in dispute.   It is shown to have been omitted by mistake.

We have thus referred to the deed and schedule, not for the purpose of passing upon the question as to whether or not the schedule shall limit and restrict the general words of grant in the deed, but only for the purpose of showing that upon the face of the papers the purpose is manifest to make a general assignment of all the property of the assignor, in compliance with the provisions of the statute.

As against a motion to arrest the judgment, the complaint would be good without a copy of the assignment filed therewith.   *Eigenmann* v. *Backof*, 56 Ind. 594.   We think, however, that the record shows affirmatively that a copy of the assignment was filed with and as a part of the complaint.

Judgment affirmed, with costs.

ELLIOTT, J., did not participate in the decision of the case.

Filed March 9, 1886.