No. 13,234.

## SEIBERT v. MILLIGAN, ASSIGNEE.

VOLUNTARY ASSIGNMENT.— *Omitted Property.*— *Validity of Deed.*—A deed of assignment, purporting to be made in pursuance of the act providing for voluntary assignments, and to assign all of the debtor's property for the benefit of all his creditors, is not rendered invalid by the omission of property, or by the fact that a part of it had been previously conveyed in fraud of creditors.

SAME.—*Effect of Assignment.*—*Failure to Describe Property.*—*Prior Fraudulent Conveyance.*—*Subsequent Judgment Creditor.*—*Lien on Undescribed Property.* —A deed of assignment under the statute, from the date of recording, by force of the law, carries the title to all the assignor's property into the trust, to be administered for the equal benefit of all his creditors, whether the property be described, withheld, or previously conveyed in fraud of creditors, and a creditor who obtains a judgment and execution after the assignment, but before omitted or fraudulently conveyed property is actually conveyed to the assignee, does not acquire a lien thereon.

From the Marion Circuit Court.

*W. F. Elliott,* for appellant.

*B. Harrison, W. H. H. Miller, J. B. Elam, H. J. Milligan, J. C. Robinson* and *I. H. Fowler,* for appellee.

MITCHELL, J.—By a deed executed on the 19th day of July, 1884, Stoughton A. Fletcher made an assignment for the benefit of his creditors. Harry J. Milligan was named therein as assignee. The deed was duly filed and recorded, and the assignee qualified and entered upon the duties of his trust.

On the 15th day of April, 1886, while the estate was in process of administration, Seibert filed an intervening petition in the Marion Circuit Court, in the matter of the assignment. The petition sets forth, in substance, that the petitioner was, in July, 1884, a creditor of the firm of Fletcher & Sharpe, and, therefore, of Stoughton A. Fletcher, to the amount of $1,995.63, with interest, for which amount he had recovered judgment in the Marion Superior Court, on the 25th day of September, 1884.

The petition avers that the assignee, Milligan, on the 15th day of November, 1884, having learned that the assignor had, prior to the assignment, fraudulently transferred gas stock, of the value of $99,000, and real estate, of the value of $30,000, entered into an agreement with those to whom the property had been so transferred, whereby the property was to be turned over to him as assignee for the benefit of the trust, and that, in pursuance of such agreement, the gas stock and real estate, theretofore fraudulently transferred, had been conveyed and assigned to Milligan in February, 1885.

The petitioner averred further, that at the time the property was so transferred and conveyed to the assignee, he, by virtue of his judgment and an execution issued thereon, had acquired a prior lien. He prayed an order of the court requiring the assignee to pay his judgment in full, or that he be permitted to sell a sufficient amount of the property on execution to pay his debt.

To this petition the assignee answered, in substance, that an assignment had been made as hereinbefore stated, and that prior to such assignment, the gas stock and real estate, described in the petition, had been fraudulently transferred by the assignor to persons whose names were given. He answered further, that, having ascertained that the property mentioned had been so transferred, he had, on the 3d day of September, 1884,—a date anterior to the date of petitioner's judgment,—called the attention of the court to such transfers in a petition, and that he was directed by the judge of the Marion Circuit Court to ascertain the facts and bring all the property, thus transferred, into the estate for the benefit of the creditors; that he thereupon made demand upon the persons to whom such transfers had been made, and that such negotiations followed as resulted in an assignment and conveyance of such property to the assignee, by the persons so holding the same, on the 16th day of October, 1884.

The answer averred further, that all of the steps so taken by the assignee had been reported to the court, on the 11th

day of November, 1884, and that his proceedings had been duly confirmed and approved, and that such property had thereby been brought into the trust, to be administered for the benefit of all the assignor's creditors.

As a conclusion, the answer denies that the petitioner had by his judgment and execution obtained a lien, or acquired a right to be preferred over other general creditors.

A demurrer having been overruled to this answer, and the petitioner declining to plead further, judgment was rendered on the demurrer.

Two points are presented and mainly relied on by the appellant for a reversal.   He contends:

1.   That the deed of assignment is invalid, because it did not convey, nor purport to convey, *all* the assignor's property for the benefit of all his creditors.

2.   That a deed of assignment, purporting to convey all of the assignor's property, does not convey property which had theretofore been fraudulently transferred, and that a creditor of the assignor, who obtains a judgment and execution after the assignment, but before such property is actually conveyed to the assignee, will hold a lien thereon.

In respect to the first point:   An examination of the deed of assignment makes it fairly evident that the assignor's purpose in making it was to avail himself of the benefit of the act providing for voluntary assignments, approved March 9th, 1859.

The deed recites that the debtor, being largely indebted, and in embarrassed circumstances, and desirous of having his property applied to the payment of his debts, " does hereby bargain, sell," etc.   Following the above is the description of a number of tracts of land and city lots, after which is a recital that the deed is intended to convey all the real estate owned by the grantor, situate in Marion county, " whether herein specifically described or not."

The deed embraces specific descriptions of numerous tracts of land, situate in other counties and States.   It also pur-

ports to assign all of the assignor's personal property, and refers to a schedule annexed for a particular description of such property, and concludes with a recital that the assignment is made in trust for the benefit of all the assignor's *bona fide* creditors, under the provisions of the laws of the State of Indiana.

The deed was duly filed and recorded, and all the proceedings taken in the matter of the assignment conformed to the law regulating statutory assignments.

The land upon which the petitioner claimed to have acquired a lien is situate in Marion county. Neither the land in question, nor the gas stock, is described in the deed of assignment, or in the schedule thereto annexed.

Since it appears from the deed that the purpose of the assignor, in making the assignment, was to avail himself of the benefit of the assignment law, the conclusion follows that the right to all of the assignor's property was thereby passed to the trustee for the purposes of the trust.

The distinction between an assignment under the act regulating voluntary assignments, and an assignment at common law, is to be steadily kept in view. At common law a debtor might assign the whole or any part of his property, for the benefit of all or a part of his creditors. In such an assignment the relations of the parties were created and controlled entirely by contract. The assignee had no power except such as the contract conferred upon him. He stood in the place of the assignor, in respect to all property fraudulently conveyed, and could assert no claim to such property, which the latter could not himself have asserted. Only such property as was described in the deed passed to the assignee in such a case, and property fraudulently conveyed was not affected by such an assignment.

In the absence of a statute, the assignee must of necessity look to the deed or contract to ascertain the property assigned and the extent of his power over it. In the very nature of things, such a deed could confer no power which the maker

of it did not himself possess. *Price* v. *Haynes,* 37 Mich. 487 ; *Ryerson* v. *Eldred,* 18 Mich. 12 ; *Housel* v. *Cremer,* 13 Neb. 298 ; *Hahn* v. *Salmon,* 20 Fed. R. 801 ; 21 Cent. Law J. 494 ; Wait Fraud. Conv., section 115.

The statute, however, extends the effect of an assignment made pursuant to its provisions and enlarges the powers of the assignee beyond the terms of the deed. Under the statute, when a debtor, in embarrassed or failing circumstances, manifests his purpose to avail himself of its benefits by making a statutory assignment of all his property, for the benefit of all his creditors, the deed in which such purpose appears, supplemented by the statute, transfers and authorizes the subjection of all the debtor's property, whether it be described therein or not. The failure to make the distinction between a common law assignment and an assignment which the statute supplements and controls, has led to some confusion in the reported cases.

In the latter, the execution, filing and recording of the deed create a trust, and place all of the assignor's propproperty in the custody of the court, to be administered for the equal benefit of all the assignor's creditors. The duties and powers of the assignee are almost, if not altogether, wholly statutory. *Hasseld* v. *Seyfort,* 105 Ind. 534 ; *Henderson* v. *Pierce,* 108 Ind. 462 ; *Pillsbury* v. *Kingon,* 33 N. J. Eq. 287 (36 Am. R. 556) ; *Simpson* v. *Warren,* 55 Me. 18.

While the initiatory steps in making the assignment, such as the execution, filing and recording of the deed, are the voluntary acts of the assignor, the doing of these acts brings the assignor's property under the control and jurisdiction of the court. The assignment is then aided and controlled by the statute, which defines the duties of the assignee or trustee, and the rights of creditors, and which makes provision for bringing property fraudulently withheld, or fraudulently conveyed, under the operation of the trust. *Thomas* v. *Talmadge,* 16 Ohio St. 433 ; *Klapp* v. *Shirk,* 13 Pa. St. 589.

The relation between the assignor and assignee, after a

statutory assignment becomes effectual, does not rest upon contract alone. Their relations are fixed by law, as are also the respective relations of the creditors and the assignee. In case property has been fraudulently withheld from the assignment, or in case of a fraudulent conveyance of property, section 2676 makes it the duty of the assignee, or the right of any creditor, to bring the fact to the knowledge of the court or judge. The court is authorized, through the instrumentality of the trustee, to subject such property to the operation of the trust.

Under the authority conferred by this section, there can be no doubt but that the trustee or assignee may be authorized or directed by the court to bring and maintain all necessary suits to set aside fraudulent conveyances or transfers made by the assignor. In many respects, the trustee or assignee under a statutory assignment occupies a relation to the trust closely analogous to that of an assignee under the several bankrupt or insolvent acts, which have heretofore been in force. As was said in *Moore* v. *Bonnell*, 31 N. J. 90 : " It is difficult to perceive how an assignment voluntarily made by a debtor for the benefit of his creditors, differs in substance from one executed under the compulsion of an insolvent or bankrupt law."

Taking into account the provisions of the statute, and the general purpose and spirit of the act, the assignee may well be regarded as representing the creditors, so far as to enable him, under the direction of the court, to take proceedings in their behalf, to set aside transfers and conveyances, and bring into court any property fraudulently withheld or conveyed. *Pillsbury* v. *Kingon, supra; Kilbourne* v. *Fay*, 29 Ohio St. 264 (23 Am. R. 741); *Southard* v. *Benner*, 72 N. Y. 424; Wait Fraud. Con., section 115, and note.

The omission from the deed of some of the assignor's property, or the fact that part of it had been previously conveyed or transferred, in fraud of the rights of creditors, did not,

therefore, render the assignment invalid and void.  *Emerson*
v. *Senter*, 118 U. S. 3; *Hasseld* v. *Seyfort, supra.*

Concerning the second proposition: It follows almost
necessarily from what has preceded, that after an assignment,
such as is here involved, has been perfected, a creditor of
the assignor can acquire no lien upon any of the assignor's
property, whether it be specifically described in the deed of
assignment or not, or whether or not such property may have
been theretofore fraudulently conveyed.

The only assignment which the statute authorizes a debtor
in failing circumstances to make, which the courts will take
cognizance of and administer, is a general assignment of all
his property for the benefit of all his creditors.   The whole
spirit and purpose of the assignment law was to provide a
simple and effectual mode of making an equitable distribu-
tion of the whole of the embarrassed and failing debtor's
property among all his creditors.   *Black* v. *Weathers*, 26 Ind.
242.

When, therefore, an insolvent debtor undertakes to make
an assignment under the statute, and proceeds so far as to
bring his property under the control of the court, the law
takes him at his word, and treats it as a conveyance of *all* his
property, as distinguished from a partial assignment.  *Krug*
v. *McGilliard*, 76 Ind. 28.

Having assumed, on the face of his deed, to make a stat-
utory assignment, the statute treats the deed as creating a
trust into which all of his property is carried.   If, upon the
face of the deed, it appears that the purpose of the assignor
was to circumvent and perpetrate a fraud upon the law, and
thwart its express provisions, the court may set it aside, and
refuse to administer the trust.  *Henderson* v. *Pierce, supra.*
If, however, the deed upon its face fairly purports to convey
all of the assignor's property, and is not otherwise fraudu-
lent *per se*, the court applies to it the provisions of the statute,
and administers the trust in the manner provided by law.
While the statute requires that the indenture shall contain a

Seibert *v.* Milligan, Assignee.

full description of all the real estate assigned, and that it shall be accompanied by a schedule containing a particular enumeration and description of all the personal property assigned, this requirement is for the information of the court and the assignee, and not to limit and control either, as to the property transferred and placed under their control. This is apparent from the fact that the assignee is required, when he obtains information of the existence of other property than that described in the deed, to take steps to bring such property under the operation of the trust. The title to all the property passes into the trust, not by force of the deed alone, but by operation of the statute. It is not vested in the assignee personally, but is all in him subject to the control of the court. As was said in *Lord* v. *Fisher*, 19 Ind. 7, the effect of section 2676 is to carry into the trust property fraudulently conveyed, because the fraud vitiates the title, and leaves the property thus conveyed, so far as the creditors are concerned, equitably the property of the assignor. This is only to give effect to the provision that the assignment shall embrace all of the assignor's property. The section above referred to authorizes a creditor, who discovers property which has been withheld, or fraudulently conveyed, to bring the facts to the knowledge of the court, and points out the steps which may be taken to bring such property under the operation of the trust. This clearly excludes the idea that the creditor may, subsequent to the assignment, pursue the property, and subject it to his individual claim, or in any way acquire a special or general lien upon such property, after the court has taken jurisdiction of the trust. *Hallowell* v. *Bayliss*, 10 Ohio St. 536.

The whole design of the assignment law might be frustrated, if creditors who discovered property fraudulently transferred, or withheld from the assignment, might obtain preferences by proceeding directly against such property, for their own benefit.

If it were left open to a race of diligence between creditors to obtain preferences after an assignment had been effected, by acquiring liens upon omitted property, or property fraudulently transferred, the advantage would always be with those who were upon the ground, with or in the confidence of the assignor; while other creditors would be obliged to take what the administration of the assignment would produce for them.

Our conclusion therefore is, that the deed of assignment operated under the law to transfer all of the assignor's property and make it subject to the jurisdiction and control of the court, from the date of the recording of the deed, and that thereafter no lien could be acquired on any of the assignor's property which could in any way overreach the prior assignment. *Palmer* v. *Thayer*, 28 Conn. 237; *Shipman* v. *Ætna Ins. Co.*, 29 Conn. 245; *Doe* v. *Ball*, 11 M. & W. 531. This conclusion leads to an affirmance of the judgment.

Judgment affirmed, with costs.

ELLIOTT, C. J., did not participate in the decision of this cause.

Filed March 15th, 1887.