No. 13,644.

GRAVES *v.* HINKLE.

VOLUNTARY ASSIGNMENT.—*Debtor's Exemption.—Waiver.*—Where a statute which confers the right of exemption also prescribes the manner in which the debtor may avail himself of it, his failure to do so at the time and in the manner prescribed is a waiver of the privilege.

SAME.—*Manner and Time of Claiming Exemption.—Can not be Made After*

*Sale of Real Estate.*—As section 2670, R. S. 1881, provides that a debtor who has executed a deed of assignment for the benefit of his creditors must claim, and have set off to him, at the time of the appraisement the property which he desires to have exempted, he can not, after the real estate has been sold in discharge of liens, then claim an exemption out of the residue of the proceeds remaining in the hands of the commissioner.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan* and *I. C. Batman,* for appellant.

*R. A. Fulk* and *R. W. Miers,* for appellee.

MITCHELL, J.—John R. Graves, a resident householder of the State of Indiana, executed a voluntary assignment of all his property, for the benefit of all of his creditors, to William S. Pedigo. His property consisted of real and personal estate, the total value of the personalty being $206.90. The personal property was duly appraised, and the whole of it set off to the assignor as exempt under the statute. Subsequently the assignee obtained an order to sell the real estate in order to discharge liens upon it. Hinkle was appointed a commissioner to make the sale. The property was sold, and after discharging the liens, there remained in the commissioner's hands the sum of $850 of the proceeds of the sale, which amount was about to be turned over to the assignee to be applied to the general debts.

The assignor made an application to the court, in which the matter of the assignment was pending. He set up the foregoing, among other facts, and asked the court to order the commissioner to pay over to him the sum of $393.10, the remainder of the $600 which he was entitled to claim as exempt. The assignor alleges in his application that he reserved in his deed of assignment " money and property of the value of $600 as exempt from execution," and that he has received nothing in that respect but the personal property above mentioned.

The court sustained a demurrer to his complaint or application, and thus the question is presented whether or not the

appellant is entitled to claim his exemption out of the money which came into the hands of the commissioner as stated above.

When a failing debtor has made a deed of voluntary assignment, which has been duly accepted and recorded, he has thereby transferred the legal title to all of his property to the assignee for the benefit of his creditors, subject, however, to his right to an exemption to be obtained in the manner pointed out by the statute.

It is made the duty of the appraisers to set off to him "such articles of personal property, or so much of the real estate mentioned in the inventory as he may select, so that the same shall not exceed six hundred dollars," and to specify what articles of personal property and the value thereof, or what part of the real estate, and its value, they have set apart to the assignor. Section 2670, R. S. 1881.

The remaining property transferred, and not thus selected and set off, constitutes a trust fund or estate to be administered under the statute for the benefit of the creditors, and the assignor has no more right, title, or equity in it than in any other property which he may have previously sold or conveyed, except to have the residue returned to him, if any remains after paying the debts.

It is quite true that the rigor of the common law which showed little favor to the debtor, or his family, has been ameliorated by modern legislation, which has mitigated the consequences of " men's thoughtlessness and improvidence " by enacting humane exemption laws, and while considerations of public policy and humanity demand that statutes regulating exemptions should be liberally construed in favor of the debtor, it must nevertheless be remembered that the right to claim property as exempt must be asserted at the time and in the manner provided by law. When the statute which confers the right, also prescribes the manner, in which the debtor may avail himself of it, the failure to assert the right at the time and in the manner prescribed will be deemed a

waiver of the privilege.   *Boesker* v. *Pickett*, 81 Ind. 554, and cases cited ; *Haas* v. *Shaw*, 91 Ind. 384.

As we have seen, the statute regulating voluntary assignments contains specific provisions in relation to the time and manner of selecting and setting off property claimed as exempt by the failing debtor.   It provides how the residue, not set off in the manner provided, shall be disposed of, and how the proceeds shall be distributed.   The courts have no power to supplement the statute by what would in effect be judicial legislation, and by ordering an exemption in favor of the assignor in a manner and at a time unknown to the statute, require the money belonging to the creditors to be paid to the assignor.   In the absence of a statute, there would be no right to claim exemption out of property specifically conveyed by the deed of assignment.   Burrill Assignments, section 96.   As against his deed, which transfers the title to the property, the assignor can only claim the right of exemption by pursuing the method prescribed by the statute.   He has a right to claim the amount out of real estate or personal property, or both, but unless prevented from doing so, without his own fault or neglect, he must assert his right in the manner and at the time prescribed by the statute.   Section 2670, R. S. 1881.

In case personal property is selected which is not equal in value to the amount to which the assignor is entitled, real estate may be selected for the balance, and if the interest to which the assignor is entitled can not be segregated otherwise than by sale of the whole, his interest in the fund may be preserved, as in cases of sales upon execution, or in a manner analogous thereto.   Section 710, R. S. 1881.   There was no error.

The judgment is affirmed, with costs.

Filed May 16, 1889; petition for a rehearing overruled Sept. 28, 1889.