Filed May 28, 1891.

---

No. 191.

## Doherty v. Ramsey, Assignee.

Assignment for Benefit of Creditors.—*Assignor Unable to Make Selection of Property Claimed as Exempt When it is Appraised.*—An assignor for the benefit of his creditors, who has pointed out to the assignee the property he desires to be set aside to him as his exemption, and who has received a promise from such assignee that it shall be so set aside, is not prevented from claiming his right to the exemption if he is sick and unable to attend at the time and place the property is appraised; and, after the property is sold by the assignee, he may maintain a pe-

Doherty v. Ramsey, Assignee.

tition against the assignee, to have the amount of his exemption allowed him in cash out of the assets of the estate.

SAME.—*Fraudulent Transfer of Property.—Exemption.*—The fact that the assignor has fraudulently transferred a sum of money much more than the amount of his exemption, before his assignment, but for which he gives his assignee an order, but which such assignee has not recovered, does not prevent him from claiming his exemption; nor can he be compelled to take his exemption out of the property thus fraudulently transferred.

SAME.—*Property Fraudulently Transferred.—Effect Upon by Recording of Deed.*—By the recording of a deed of assignment the legal title to all the property owned by the assignor at the time becomes vested in the assignee for the benefit of the creditors, including all property that may have been sold, conveyed or assigned by the assignor with the intent to defraud his creditors.

EXEMPTION.—*Fraud of Householder, Effect on Right to Claim.*—A householder can not waive his right to claim his exemption by contract entered into prior to the issuance of the execution or the execution of a deed of assignment. A previous fraud of the householder in transferring or withholding property subject to execution will not defeat his right to claim his exemption, where the right to it is conferred by the express terms of the statute, and does not depend upon an enlargement of the statutory provisions by equitable construction.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter*, for appellant.

*T. H. Davidson*, for appellee.

CRUMPACKER, J.—On the 3d day of September, 1889, Marshal D. Doherty executed a deed of assignment of all his property for the benefit of all his creditors, to Alexander F. Ramsey as assignee, who assumed the duties of such trust. The deed of assignment was duly recorded, and the assignee proceeded to inventory and appraise the property, and thereafter sold the same in the execution of the trust.

The Montgomery Circuit Court had jurisdiction of the proceedings, and at the November term, 1879, of said court, Doherty filed a petition against the assignee, asking an order directing him to pay the petitioner, out of the assets of the estate, the sum of six hundred dollars claimed by him under the exemption laws of the State.

The petition is in the following form:

" Your petitioner, Marshal D. Doherty, represents and shows to the court that heretofore, to wit, on the 3d day of September, A. D. 1889, he made an assignment of all his property, both real and personal, for the benefit of all his creditors, to one Alexander F. Ramsey, who accepted said trust, and is now his lawful assignee; that within thirty days after entering upon the duties of his trust, the assignee made, under oath, a full and complete inventory of all the property, real and personal, of the rights, credits, interests, profits and collaterals which came to his hands, or of which he may have obtained knowledge as belonging to said assignor, and caused the same in said inventory to be appraised by two reputable householders of the neighborhood, who, before proceeding to discharge their duties, took an oath to honestly appraise the property mentioned in the inventory filed by the said trustee in the recorder's office of Montgomery county, Indiana; that your petitioner is a resident householder of the State of Indiana, residing in the city of Crawfordsville, Indiana, and, as such, he is entitled to the benefits of the exemption laws of the State of Indiana, under section 703 of the Revised Statutes of 1881, to the amount of six hundred dollars, and that all of his indebtedness accrued since May 31st, 1879, on contracts only; that, at the time of the said inventory and appraisement, the assignor was sick and unable to get out of his house, but had, a few days previous thereto, seen the assignee, and requested and demanded of him that six hundred dollars in value of said property be appraised and set off to him as exempt from sale, for the payment of his debts; that said assignee, Ramsey, then and there agreed that buggies, carriages and harness sufficient to make six hundred would be set off to him at their appraised value by the appraisers; that said assignor selected said buggies, carriages and harness as the property he desired set off to him as exempt from sale, and expected said buggies, carriages and harness would be set apart to

him as exempt from sale, for the payment of his debts, as such resident householder, by said appraisers, and he intended to be present at said appraisement, but, by his sickness, he was unable to be present at the time said inventory and appraisement were made, and the said assignee, Ramsey, failed and neglected to have the appraisers set apart said property as exempt from sale as he had theretofore demanded, and as said. assignee had promised and agreed to do, and, without his, Doherty's, fault or neglect, said assignee neglected and refused to set said property off to him; that said assignee has now on hand a sufficient amount of money to pay him said sum of six hundred dollars.

" He, therefore, asks the court to make him an allowance of six hundred dollars in and out of said estate, that he is justly and legally entitled to under the law, and that said assignee be authorized by the court to pay said assignor said sum of six hundred dollars."

The assignee appeared to the petition and filed his answer thereto as follows :

"Alexander F. Ramsey, assignee herein, for answer to the petition of his assignor, Marshal. D. Doherty, filed November 4th, 1889, and numbered 2151, praying for an allowance on account of statutory exemption, says : That on the day before the execution of the indenture of assignment herein, the said Marshal D. Doherty transferred to the possession of one Oscar Street of Kansas City, Missouri, the sum of ten thousand two hundred dollars in money then belonging to him, the said Marshal D. Doherty ; that said transfer was made without any consideration and for the use of said Doherty, and for the purpose of withholding said sum from the operation of his assignment; that after, the said Marshal D. Doherty executed to this defendant, as his assignee, an order on said Street for the payment of said sum of money, but that said Street has not paid the same and refuses to pay the same to defendant, and defendant says that he is now prosecuting a suit to recover said moneys. Where-

fore the defendant prays the judgment of the court in the premises."

A demurrer was filed to the answer, which was overruled and exceptions saved, and the petitioner declined to reply but elected to stand by his demurrer. Thereupon it was adjudged that he take nothing by his petition, and that he pay the costs thereof.

The overruling of the demurrer to the answer is the only error assigned in this court, but the consideration of this assignment of error involves the sufficiency of the petition as well as the answer.

The law requires an assignee to make a full and complete inventory of all the property owned by the assignor within thirty days after he enters upon the execution of the trust, and within twenty days after the preparation and filing of such inventory he shall cause all of the property mentioned therein to be appraised by two competent appraisers.

Section 2670, R. S. 1881, provides that, if the assignor be a resident householder of this State, the appraisers shall set off to him such articles of property mentioned in the inventory, as he may select, not exceeding in value three hundred dollars. The amount of exemption provided by this statute was enlarged by implication to six hundred dollars by the act of March 29th, 1879. *O'Neil* v. *Beck*, 69 Ind. 239.

In the case of *Graves* v. *Hinkle*, 120 Ind. 157, it was held that an assignor could avail himself of the right of exemption only by a substantial compliance with the requirements of section 2760, *supra*, and that he must select the articles of property claimed by him as exempt from sale at the time and in the manner provided in that section; and, if he failed to do so, the right of exemption would be deemed to have been waived, and the property would all constitute a trust fund for the exclusive benefit of the creditors until they were all satisfied. The court said: "As against his deed, which transfers the title to the property, the assignor can only claim the right of exemption by pursuing the method

prescribed by the statute. He has a right to claim the amount out of real estate or personal property, or both, but unless prevented from doing so, without his own fault or neglect, he must assert his right in the manner and at the time prescribed by the statute."

In the case before us the petition states that the assignor was a householder of this State, and that a few days before the appraisement he demanded of the assignee that property of the value of six hundred dollars be set off to him as exempt from sale, and that he then and there designated and selected the particular property so claimed by him, and the assignee promised to have the property so set apart at the time of the appraisement. The assignor was confined to his house by sickness when the property was appraised, and could not be present to again assert his right to exemption and again select the articles of property claimed by him, but relied upon the agreement of the assignee to protect his rights in the matter.

The law contemplates that the appraisement shall be made under the supervision of the assignee.

Following the decisions of the Supreme Court requiring a liberal construction of the exemption laws in favor of the debtor, we are of the opinion that the petition shows a substantial compliance with the statute. At least enough is stated to rebut the presumption of a waiver resulting from the assignor's failure to be present and assert his right at the time of the appraisement.

Where the assignor substantially pursues the method prescribed by the statute in asserting his right to exemption, and the assignee refuses to set off property to him, but converts it into the trust fund, the assignor is equitably entitled to the proceeds of the property which should have been set apart to him, and it is the duty of the court, on proper application, to order the assignee to turn such proceeds over to the assignor.

The petition in this case was sufficient, and the relief prayed

for ought to have been granted, unless the answer contained facts sufficient to defeat the right to exemption.

It is insisted that because the assignor transferred a large amount of money to one Street, for his own use, and to withdraw it from the operation of the assignment, he should not be allowed the right to the exemption expressly conferred upon him by the statute. It appears, by the answer, that the assignor had given the assignee an order on Street for the money so transferred to him, but Street refused to pay it over, and the assignee had a suit then pending for its recovery.

By the recording of the deed of assignment the legal title to all of the property owned by the assignor at that time became vested in the assignee for the benefit of the creditors, including any and all property that may have been sold, conveyed, or assigned, by the assignor with the intent to defraud his creditors. *Seibert* v. *Milligan*, 110 Ind. 106. Not only did the law bring the money fraudulently transferred by the assignor into the trust estate, but he executed a written order voluntarily surrendering to the assignee all of such property, so that it can not be claimed that the assignor should receive his exemption from that fund.

This beneficent provision of the statute can only be invoked by one in the character of a householder, and was designed largely for the benefit of those dependent, in a measure, upon the debtor for support, and it can not be waived by contract prior to the assignment or execution. *Maloney* v. *Newton*, 85 Ind. 565.

Where the right of exemption is conferred by the express terms of the statute, and does not depend upon an enlargement of the statutory provisions by equitable construction, the previous fraud of the debtor in transferring, or withholding, property subject to execution, will not defeat his right to claim exemption.

This doctrine was declared with much force and emphasis in the cases of *Haas* v. *Shaw*, 91 Ind. 384, and *Douch* v. *Rahner*, 61 Ind. 64.

See, also, upon the same subject, *Barkley* v. *Mahon*, 95 Ind. 101; *State, ex rel.,* v. *Read,* 94 Ind. 103; *Over* v. *Shannon,* 91 Ind. 99.

Adopting the interpretation of the exemption laws, laid down in these authorities, and which is manifestly just and in keeping with the generally recognized principles regulating the administration of kindred statutory rights, we are required to hold the answer filed by the assignee insufficient to defeat the rights of the assignor to his exemption.

The judgment is reversed, with costs, with instructions to the trial court to sustain the demurrer to the answer, and proceed further in accordance with this opinion.

Filed May 28, 1891.