Filed October 30, 1895.

---

No. 1,630.

## FAULKNER *v.* JONES, ASSIGNEE.

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Assignor's Claim of Exemption as Householder.—Failure to Select Articles of Property.— Agreement with Assignee to Pay Amount Out of Proceeds of Property.*—Where an assignor, who makes an assignment for the benefit of creditors, waives or foregoes the right of selection of specific articles of property, under his claim of exemption, in pursuance of an agreement with the assignee that in lieu of such property he shall have the proceeds thereof to that amount in money, when the property is sold, the assignor, in view of the promise of the assignee, is entitled to the proceeds of such property, in the hands of the assignee, to the amount of his exemption.

From the Hendricks Circuit Court.

*C. M. Zion* and *R. T. Hollowell*, for appellant.

*Brill & Harvey*, for appellee.

DAVIS, J.—In July, 1893, the appellant, who was

then a debtor in embarrassed and failing circumstances, made an assignment of all of his property for the benefit of his creditors, to the appellee, as trustee. The property so assigned consisted of a stock of hardware and farming implements, real estate, notes and book accounts. In the deed of assignment, the appellant reserved the right to the exemption to which he was entitled as a householder under the law. The appraisers set off to appellant articles of personal property selected by him to the amount of $220.00, and in their appraisement they specified the articles of property so taken by him, and their value, and reported that in addition thereto, "the appraisers hereby set off to the assignor three hundred and eighty ($380.00) dollars out of the proceeds of the property assigned."

The appellant, Faulkner, afterwards received from said assignee, at its appraised value, the real estate named in the schedule of $25.00, and one share of stock in the Brownsburg Canning Co., at the appraised value of $17.00, making a total of $262.00 received by him on his exemption. No part of the balance of $338.00 to which he was entitled on account of his exemption has been set off or paid to him. At the November term, 1893, of the Hendricks Circuit Court, the appellee reported that said sum still remained due him on his exemption. The appellee testified on the trial that when the appraisement was made, the appellant was informed by him, or in his presence, that he could have the residue of his exemption in money, if he so desired. The only question presented for our consideration is whether under the facts, which are undisputed, the appellant is entitled out of the proceeds of the property now in the hands of the appellee to the residue of his exemption.

Counsel for appellee insist that the decision in *Graves* v. *Hinkle*, 120 Ind. 157, is decisive of the question be-

fore us. In that case the real and personal property amounted to something in excess of $1,050.00. The personal property was duly appraised at $206.90, and the whole of it was set off to the assignor as exempt under the statute. In his deed of assignment, the assignor reserved "money and property of the value of $600.00 as exempt from execution." Nothing appears to have been said or done relative to his exemption, except setting off to him the personal property, until after the sale of the real estate, when he made an application asking the court to order paid over to him the sum of $393.10, the remainder of the $600.00 which he was entitled to claim as exempt. In that case it was held that the failure of the assignor to assert his right of exemption at the time and in the manner prescribed by statute will be deemed a waiver of his privilege. The only material difference between that case and the one in hand is that in this case it appears that the assignor did not waive his privilege, unless the failure to select the articles of property in the appraisement which he desired should be set off to him as exempt is held to be conclusive against him, notwithstanding the agreement then made between himself and the assignee that he should have the residue of the amount in money out of the proceeds of the property. In the absence of an agreement to the contrary, the right of exemption may be held to have been waived, under the authority cited, unless at the time of the appraisement the assignor selects such property as he desires to have set off to him. Section 2907, R. S. 1894. But in our opinion this rule does not apply where the assignor waives or foregoes the right of the selection of specific articles of property out of a retail stock of merchandise in pursuance of an agreement with the assignee that in lieu of such property he shall have the proceeds thereof to that amount

in money when the stock is sold. *Eisenhauer* v. *Dill*, 6 Ind. App. 188; *Coppage, Admr.*, v. *Gregg*, 1 Ind. App. 112; *Doherty* v. *Ramsey, Assignee*, 1 Ind. App. 530. In this case the assignor was claiming his exemption. Had it not been for the promise of the assignee to pay him the amount to which he was entitled out of the proceeds of the stock when sold, the assignor would doubtless have selected at the time of the appraisement such property as he desired to have set off to him. Under the circumstances he did not waive his right to the exemption by reason of the fact that he did not select the property he desired to have set off to him. Having waived his right to the specific property to which he was entitled as exempt, he is, in view of the promise of the assignee, entitled to the proceeds of such property now in the hands of the assignee.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed October 30, 1895.