## MILLER *v.* SWHIER, TRUSTEE.

[No. 6,310.   Filed January 30, 1907.   Rehearing denied April 9, 1907.   Transfer denied November 1, 1907.]

1. EXEMPTIONS.—*Assignments for Benefit of Creditors.—Householders.*—A resident householder has the right to an exemption, under §715 Burns 1901, §703 R. S. 1881, the exemption statute, in connection with §2907 Burns 1901, §2670 R. S. 1881, the voluntary assignment statute, in the case of his voluntary assignment for the benefit of creditors. p. 467.
2. SAME.—*Statutes—Construction.*—The exemption statute (§715 Burns 1901, §703 R. S. 1881) should be liberally construed, but such construction should not bring within its operation persons not within its spirit or letter. p. 467.
3. ASSIGNMENTS FOR BENEFIT OF CREDITORS.—*Deeds.—Effect.—Exemptions.*—The execution and recording of an indenture assigning the debtor's property for the benefit of his creditors vests the title to such property in the assignee, subject, however, to the assignor's right of his statutory exemption. p. 468.
4. SAME.—*Deeds.—Effect.—Construction.*—A deed of assignment for the benefit of creditors is construed, like any other contract, in accordance with the law existing at the time of its execution; and the effect thereof is to convey the absolute legal title to the property, the surplus after payment of the debts being payable to the assignor. p. 468.
5. APPEAL.—*Dictum.*—Dictum is not binding upon the courts. p. 470.
6. EXEMPTIONS.—*Execution.—Waiver.*—An execution defendant, who is a householder, may, at any time before sale, claim his statutory exemption; but if he fails to claim same until after the title passes by such sale, his silence constitutes a waiver of his right. p. 470.
7. SAME.—*Assignments for Benefit of Creditors.—Householder.—Marriage After Assignment and Before Appraisement.*—An unmarried assignor who marries before the appraisement and sale of the assigned property has no right to the statutory exemption to which a resident householder is entitled. p. 471.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Claim for householder's exemption by Oliver W. Miller against Sherman Swhier, as trustee of said Miller's property

assigned for the benefit of his creditors. From a judgment for defendant, claimant appeals. *Affirmed.*

*Charles E. Schwartz* and *Frank B. Jaqua,* for appellant.
*Smith & Moran* and *Emerson McGriff,* for appellee.

MYERS, C. J.—On September 3, 1906, appellant filed his verified petition in the Jay Circuit Court, showing that on July 9, 1906, he made a general assignment of all of his property to Millard Nixon for the benefit of his creditors, under the law for general assignments (§§2899, 2900 Burns 1901, Acts 1891, p. 312, §2663 R. S. 1881), and such indenture was duly recorded in the proper county recorder's office on that day; that at the time of the execution of such indenture of assignment he was an unmarried man, and not a householder of the State of Indiana; that on July 14, 1906, he married, and from that day continuously he has been a *bona fide* householder of this State; that on July 16, 1906, said Nixon refused to accept said trust, and on the same day appellee was, by the Jay Circuit Court, appointed trustee in place of Nixon; that on July 19, 1906, appellee duly qualified and took possession of the property, and entered upon the duties of his said trust, and proceeded to have the property so assigned appraised; that while appellee and the appraisers were engaged in appraising said property, appellant demanded of appellee, and selected and pointed out to appellee and said appraisers, goods and property appraised at $550, which, together with $50 in money, retained by him at the time of making the assignment, amounted to $600, and requested that the same be set off to him as exempt from sale, on the ground that he was then a *bona fide* householder. His demand was refused. To this petition a demurrer for want of facts was filed and sustained, and judgment rendered against appellant. The ruling of the court in sustaining appellee's demurrer to the petition is the only error here assigned.

Pursuant to authority given by §22, article 1, of the Con-

stitution of this State, the General Assembly enacted certain

1.  laws whereby, at the time of this transaction, "property not exceeding in value $600 owned by any resident householder" was exempt from "sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied." §715 Burns 1901, §703 R. S. 1881. This latter section, when read in connection with §2907 Burns 1901, §2670 R. S. 1881, gives to a voluntary assignor and resident householder the right to have set off to him articles of property, or so much of the real estate mentioned in the inventory as he may select, in the aggregate not to exceed in value $600. *O'Neil* v. *Beck* (1879), 69 Ind. 239. Appellant affirms his claim upon the following language from §2907, *supra:* "If the assignor is a resident householder of this State, said appraisers shall set off to said assignor such articles of property," etc. Appellant's contention being that, having married and become a resident householder prior to the appraisement of the property, he is entitled to his statutory exemption. While on the part of appellee it is insisted that the execution of the indenture of assignment vested the absolute title of the property in a trustee, the fact that appellant afterwards married and became a resident householder would not bring him within the protection of the statute as to property theretofore transferred.

The exemption laws of this State are based upon wise considerations of public policy, and designed largely for the

2.  benefit of the debtor's family or those dependent upon him for support, and therefore in the interest of such debtor these laws should be reasonably and liberally construed. *Pomeroy* v. *Beach* (1898), 149 Ind. 511, 515, and cases there cited. But liberal construction does not mean a construction which will enlarge express statutory provisions so as to include a right not clearly given and inconsistent with other well-established and fundamental principles of law, nor to include persons not bringing themselves within

the provisions of the statute under which the right is claimed. But, when the right to an exemption is clearly established, it will be enforced notwithstanding formal or technical objections. *Haas* v. *Shaw* (1883), 91 Ind. 384, 394. It is no longer a question that the execution and recording of an indenture of assignment under our laws are sufficient to vest the title to all of assignor's property in a trustee for the benefit of all his creditors, subject, however, to the right of the debtor to select out of such property his statutory exemption. *Graves* v. *Hinkle* (1889), 120 Ind. 157; *Seibert* v. *Milligan* (1887), 110 Ind. 106, 114; *Doherty* v. *Ramsey* (1891), 1 Ind. App. 530, 536, 50 Am. St. 223; *Martin* v. *Hausman* (1882), 14 Fed. 160.

An indenture of assignment under our voluntary assignment laws, like any other deed or contract, must be read and considered in the light of all the laws pertaining thereto, and supplemented thereby, in force at the time of its execution. *Seibert* v. *Milligan, supra,* at pages 110, 111. Thus considered, on July 9 all of appellant's property, by his voluntary act, passed into the custody and control of the court, and the title thereto, by subsequent proceedings, to appellee as trustee, to be held in trust for the benefit of assignor's creditors. *Franklin Nat. Bank* v. *Whitehead* (1898), 149 Ind. 560, 583, 39 L. R. A. 725, 63 Am. St. 302; *Hasseld* v. *Seyfort* (1886), 105 Ind. 534; *Seibert* v. *Milligan, supra.* By law the surplus remaining after the payment of the costs of administering said trust and the payment of assignor's debts belonged to him. *Graves* v. *Hinkle, supra.* Such were appellant's rights in the property in question at the time of his marriage, at the time he became a householder, and at the time he elected to claim the benefit of the provisions of the exemption laws. Considering the effect of the indenture of assignment on the title of the debtor's property, Burrill, Assignments (6th ed.), §6, says: ''An assignment is more than a security for the payment of debts; it is

an absolute appropriation of property to their payment. It does not create a lien in favor of creditors upon property which in equity is still regarded. as the assignor's, but it passes both the legal and the equitable title to the property absolutely beyond the control of the assignor. There remains, therefore, no equity of redemption in the property, and the trust which results to the assignor in the unemployed balance does not indicate such an equity." The same author, in considering the right to assign (Burrill, Assignments [6th ed.], §14), says: "Assignments for the benefit of creditors are voluntary on the part of the debtor. No authority can exact them; and when made, they partake of the nature of a private contract." Appellant largely rests his contention for a reversal of the judgment in this case on the authority of *O'Neil* v. *Beck, supra, Robinson* v. *Hughes* (1889), 117 Ind. 293, 3 L. R. A. 383, 10 Am. St. 45, and *Graves* v. *Hinkle, supra.*

In *O'Neil* v. *Beck, supra,* the question of the debtor's right to have set off to him, in a voluntary assignment proceeding, property amounting in value to $600, instead of $300, was the only one for decision. In passing on that question the court observes that a debtor who voluntarily surrenders his property under the assignment law is entitled to the same favor regarding the amount of property exempt as he would have were it to be seized and sold on execution against him. In *Robinson* v. *Hughes, supra,* the question before the court was the right of a resident householder to have certain property set off to him as exempt from execution and sale, he being, at the time of the rendition of judgment, and at the time of issuing the execution, levy, and advertisement for sale, a single man and not a householder. Held, the exemption should have been allowed. In the course of the opinion it is said: "Our statute, in terms, secures to every *bona fide* resident householder of the State $600 worth of property as exempt from execution, and our opinion is, that the appellee in

this case, coming as he does within the terms of the statute, is entitled to claim *his property* as exempt from execution.'' (Our italics.) In *Graves* v. *Hinkle, supra,* the assignor was a resident householder at the time he executed the indenture of assignment, and continuously thereafter, and at the time he made his application to the court for an order on the commissioner to pay over to him an amount equal to the difference between the value of the personal property set off to him and $600 out of the proceeds arising from the sale of the real estate assigned and sold. Held, that he was not entitled to the relief prayed, because of his failure to assert his right at the time and in the manner prescribed by statute.

Upon examination it will be seen that the question now for decision was not before the court in either of the cases relied on, and they ought not to control the judgment before us. As said by Chief Justice Marshall in *Cohens* v. *Virginia* (1821), 6 Wheat. *265, 5 L. Ed. 257: ''It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision.''

Until the sale of property on execution, the execution defendant has the title and therefore, if a resident householder, he may at any time before sale, in the manner prescribed by statute (§715, *supra*), have exempt from sale his property not exceeding in value $600, but his failure to exercise this right before title passes by sale will be deemed a waiver. *Moss* v. *Jenkins* (1897), 146 Ind. 589. As we have seen, the execution and recording of an indenture of assignment divest the assignor of his right, title, or equity in all of his property, except the right of exemption reserved by law.

It is clear from the language of §715, *supra,* that the right therein given must be claimed while the party is both the

owner of the property and a resident householder 7. (*Finley* v. *Sly* [1873], 44 Ind. 266, 269), while §2907, *supra*, is satisfied when the claimant is shown to be a householder only. These two latter sections of the statute, as said by appellant, are to be construed together. Adopting this view, it would appear to us that ownership of the property claimed as exempt and being a resident householder form the basis of the right to an exemption. As against an execution, the facts forming such basis must exist in the execution defendant at the time the right is demanded. While as to an assignor in a voluntary assignment proceeding, the basis of the right being shown to exist at the time the indenture is executed and recorded, by operation of law the right is reserved, and continues regardless of title, dependent only on his being at the time of the appraisement, and continuing to be, such householder. In the case at bar, appellant was not a resident householder at the time the title to the property passed from him, and, without this fact appearing, the law does not operate to create the reservation as against the effect of the indenture on the title to the property claimed.

Judgment affirmed.