## In re DAUTZ.

(District Court, D. Indiana. May 7, 1921.)

### No. 686.

1. **Bankruptcy** ⊗⟶178(3)—**Immaterial whether voluntary assignment is common-law or statutory.**

In bankruptcy proceedings, it is unnecessary to determine whether an agreement executed by the bankrupt, which amounts to a voluntary assignment for the benefit of his creditors, is a common-law or statutory assignment, since the Bankruptcy Act (Comp. St. § 9585 et seq.) comprehends any arrangement which is in truth a voluntary transfer for the benefit of creditors.

---

⊗⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ☞178(3)—Conveyance to trustee may be voluntary assignment.**

The fact that a conveyance for the benefit of creditors is designated as a trust does not prevent its being a voluntary assignment, either common-law or statutory, for the benefit of creditors, which is vulnerable on bankruptcy.

**3. Bankruptcy ☞399(1)—Bankrupt can claim exemptions from property formerly assigned to trustee.**

The property of a bankrupt comes to the bankruptcy court in legal effect from him, though he had previously assigned it to a trustee for the benefit of his creditors, so that he can claim exemption in such property under the Bankruptcy Act (Comp. St. § 9585 et seq.), notwithstanding his previous transfer of it to the trustee for his creditors.

In Bankruptcy. In the matter of Arno R. Dautz, bankrupt. On petition by the bankrupt for review of the referee's denial of the bankrupt's claim for exemption. Ruling of the referee reversed.

E. V. Harris, of Ft. Wayne, Ind., for bankrupt.

Benjamin F. Heaton, of Ft. Wayne, Ind., trustee in bankruptcy.

GEIGER, District Judge. Dautz transferred his assets for the benefit of all his creditors. The instrument, after describing the subject-matter of transfer (and describing the transferee as "trustee"), gave authority: (1) To take possession and to sell the property in quantities, and upon terms "as in his judgment is best"; (2) to collect, settle, compromise, etc., bills, choses in action, etc., as in his judgment is to the best interests of "all the beneficiaries of said trust"; (3) at the option of the trustee "to continue the business of said Arno R. Dautz, in which said property is used, as such business is ordinarily conducted," if in the opinion of the trustee it is to the "best interests of *all the beneficiaries of this trust*," to buy for cash or on credit merchandise, etc. Thereupon the instrument directs: (1) The payment of charges in executing the trust; (2) the payment of Dautz's indebtedness "now owing," the same to be evidenced to the trustee by sworn claims, etc. If insufficient proceeds be realized, then pro rata distribution be had. (3) Any residue, after full payment, shall be paid to Dautz. This instrument was executed September 20, 1920. The trustee entered upon the discharge of his duties by continuing the business for a time, but apparently unprofitably. Whereupon he controverted all the property by sale, receiving part cash and part in security. Some 10 days thereafter Dautz filed his voluntary petition in bankruptcy.

[1, 2] The referee seemed to regard it as unessential to determine whether this agreement executed by Dautz be regarded as a "voluntary assignment" for the benefit of creditors. In so far as this refers to a possible distinction between a statutory and a common-law assignment, undoubtedly it makes no difference; and, as the Bankruptcy Law (Comp. St. § 9585 et seq.) refers not to one rather than the other kind, I think it comprehends any arrangement which is in truth a transfer for the benefit of creditors, provided only it be voluntary. I have not considered whether the agreement executed by Dautz to Perfect would,

in the absence of bankruptcy, exhibit a compliance with the Indiana voluntary assignment statutes (Burns' Am. St. 1914, §§ 3306–3328), because, as noted, whatever it is called, whether a common-law or statutory assignment, it could not stand against bankruptcy, voluntary or involuntary, and that it is called a "trust" may still leave it a pure voluntary common-law or statutory assignment, vulnerable upon bankruptcy.

[3] It may be granted that a bankrupt can get nothing as exemption from the Bankruptcy Act, and, conversely, that the bankruptcy court does not administer exempt property. The latter's function is discharged when it recognizes and sets off to him his rights under the state laws; and, of course, from this it follows that the property which (in form including exempt property, though no real right or title attaches) comes to the bankruptcy court in legal effect comes from the bankrupt.

Coming, then, to the concrete case before us, it would be odd to say that the instrument to Perfect must be avoided to enable the bankruptcy court to administer Dautz's property for his creditors, but must not be avoided to enable assertion of the exemption rights of the bankrupt. In other words, if it can be urged that Perfect took the property freed from claim of exemption, then the bankruptcy court wrests the property from him and thereby avoids his right to administer for creditors, but enforces his title against Dautz's exemption right.

I think the weight of authority and better reason are against this view. See Collier, Bankr. (11th Ed.) p. 215 et seq. The sounder view is that the bankruptcy court is quite conclusively presumed to get what it administers from the bankrupt, and, unless the situation discloses a formal waiver and a failure to claim exemption in the bankruptcy court, it is bound to act upon the mandate of the Bankruptcy Act and set off the exempt property. Many cases recognize the right to exemption, even in property restored upon avoidance of transfer made by the bankrupt; and this rule, as I think, is not at all affected by the doctrine of cases like Graves v. Hinkle, 120 Ind. 157, 21 N. E. 328. There, as clearly appears from the opinion of Judge Mitchell, the question concerned compliance with the voluntary assignment law respecting the manner of claiming the statutory exemption; and the effect of the ruling is that a failure to exercise the prescribed right at the prescribed time, and in the prescribed manner of the statute, "is a waiver of the privilege." But, as noted, this rule, while enforceable in administering the voluntary assignment law, certainly cannot bind the bankruptcy court to ignore the exemption which is claimed in the manner prescribed by the Bankruptcy Act, especially where the very instrument which is asserted as evidence of waiver is avoided in bankruptcy.

From these views, it follows that the ruling of the referee must be reversed; and an order may be entered accordingly.