AARON L. SIMPSON, *Assignee in equity, versus* DANIEL WARREN & *ux.*

However defective the description or however inapplicable the terms of an assignment for the benefit of creditors, to property of any kind conveyed and transferred by the assignor, previous to the assignment, with the design to defeat, delay or defraud creditors ; property thus situated will pass to the assignee, and he may maintain a bill in equity against the fraudulent grantor and grantee for the benefit of subsequent as well as prior creditors.

BILL IN EQUITY.

BARROWS, J. — ON DEMURRER. The bill sets forth a valid assignment by Daniel Warren, one of the defendants, to the complainant, of all said Warren's property for the benefit of his creditors, made in pursuance of the statute regulating such assignments, and perfected by the requisite oath and notice and seasonable proceedings in Probate Court, the

Simpson *v.* Warren.

filing of a bond by the complainant as assignee, the entrance by him upon the duties of his trust, and the seasonable execution of the assignment by a large number of creditors who thus became parties to it, entitled to its benefits.

The bill charges that a certain ·conveyance, made Sept. 11, 1862, by said Daniel Warren, of the house and lot then and still occupied by him as his homestead, to Sarah Ann Warren, the other respondent, was entirely without consideration except that which arises from the relation subsisting between the grantor and the grantee as husband and wife, and that the said conveyance was made with the express and direct purpose and intent of preventing the property from being taken by attachment for the payment of the debts which the said Daniel then owed, or which he anticipated he might be owing at a future time, and that said Sarah Ann received and still holds the conveyance with the same purpose and intent, and that so the said conveyance is to be considered as made with the design to defeat, delay and defraud the said Daniel's creditors, and that the said Sarah Ann has refused, upon request made, to release to the complainant so as to make the property available to the creditors who became parties to the assignment, although some of them, it is alleged, were creditors at the time of the conveyance.

Defendants' counsel seeks to sustain the demurrer on the ground that nothing passed by the assignment except such property as the assignor actually held and possessed at the time of the assignment, and that his interest in property which he had conveyed in fraud of creditors would not pass either by the terms of the assignment or by operation of law.

However this may have been *previously*, the position cannot be maintained for an instant in face of the stringent provision in § 2, c. 112, Laws of 1859, that "all property of every kind, conveyed and transferred by the assignor previous to the assignment with the design to defeat, delay

or defraud creditors shall pass to the assignee by virtue of the assignment, and shall be held by him as property or assets for the benefit of creditors, and the assignee shall be clothed with all necessary powers to recover, receive and collect the same, and render the same available for the purposes of the trust created by the assignment."

With this provision before us, we have no occasion to look to the terms of the assignment. However defective the description or however inapplicable the terms of the assignment to property thus situated, it would still pass to the assignee, and he might maintain a bill against the fraudulent grantee for the benefit of all concerned.

It is asserted in argument by the defendant, that the demands of those who were creditors at the time of the conveyance have been adjusted. Even if this were admitted to be true and could be received in a hearing upon demurrer, it would still remain to be observed that the bill substantially charges a design to defraud *subsequent*, as well as existing, creditors, and alleges such a state of things as would create a secret trust in the grantee for the benefit of the grantor which might be made available to creditors whom the transaction was designed wrongfully to affect, even though their claims accrued at a date subsequent to that of the conveyance.

*Demurrer overruled.* — *Defendants to answer.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and DANFORTH, JJ., concurred.

*A. W. Paine,* for the complainant.

*J. A. Peters,* for the respondents.