FREDERICK A. ROBINSON *vs.* SHUBAEL P. BLISS.

Bristol.   Oct. 26, 1876. — Jan. 15, 1877.   DEVENS & LORD, JJ., absent.

On the issue whether mortgaged personal property was sold by the assignee of the mortgage for an inadequate consideration by collusion with the mortgagor, in fraud of creditors, and the plaintiff, who purchased it, had knowledge of the fraud, the assignee in bankruptcy of the mortgagor may show by parol evidence that the mortgagor had a valuable interest in the property by proof of the real amount and character of the incumbrance.

REPLEVIN.   Trial in the Superior Court, before *Allen, J.*, who reported the case for the determination of this court, in substance as follows:

The property replevied formerly belonged to Carpenter & Robinson, who mortgaged the same with other property, on July 29, 1875, to E. A. Grout & Company for the sum of $2,253.76,

which sum was due for goods previously bought of the mortga-gees. The mortgage was duly recorded. On October 4, 1875, the mortgagees assigned the mortgage to Albert R. White and Benjamin Morris, by an instrument in writing and under seal, in which the consideration was stated to be $1000. This assignment was duly recorded. Carpenter & Robinson filed their petition in bankruptcy, January 24, 1876, and the defendant was chosen their assignee. White and Morris sold a part of the mortgaged property and it passed by mesne conveyances to the plaintiff.

The defendant contended that the assignment of the mortgage was merely as collateral security to protect White and Morris for indorsing the ten notes hereinafter mentioned, and that the subsequent sale of the property was made by White and Morris in connivance with Carpenter & Robinson for an inadequate consideration, and with intent to defraud Carpenter & Robinson's creditors, and that a part of this property passed to the plaintiff, who had knowledge of the fraudulent nature of the transaction. The defendant offered evidence tending to show that on October 4, 1875, Carpenter & Robinson gave ten notes to E. A. Grout & Co., each for one hundred dollars, payable, one each month, on or about the 13th, which notes E. A. Grout & Co. received in full satisfaction of all their claim against Carpenter & Robinson, and that White and Morris indorsed these notes; that this was the only consideration for the assignment of the mortgage, and that the assignment was made as a security for the indorsement of the notes; that Carpenter & Robinson paid four of these notes which became due before January 24, 1876, and that White and Morris had no other right to the mortgage under the assignment. The plaintiff objected to the admission of this evidence, but the judge admitted it.

It appeared that White and Morris, after the bankruptcy of Carpenter & Robinson, sold the property in two parcels, to different persons, and that a part of one of these parcels was afterwards sold to the plaintiff. Carpenter & Robinson just before they went into bankruptcy, and upon no new consideration, gave to White and Morris permission to sell the property, they having possession of the property at the time. The jury returned a verdict for the defendant.

*G. E. Williams*, for the plaintiff.

*W. H. Fox*, for the defendant.

AMES, J.   The defence relied upon at the trial was that the sale under which the plaintiff claims title to the property was a fraud upon the creditors of Carpenter & Robinson.   The defendant as the assignee in bankruptcy of that firm was the representative of those creditors, and was the proper person to set up that defence in their behalf.   What he offered to prove was that the bankrupts, who were the mortgagors, had a valuable interest in the mortgaged property, and that the sale of the property by the mortgagees was in connivance with Carpenter & Robinson, for an inadequate consideration, with intent to defraud their creditors, and that the plaintiff had knowledge of the intended fraud, when the property came to his hands.   As one link in the chain of evidence as to the alleged fraud, the defendant had a right to show that the debtors had a valuable interest in the property, by proof as to the real amount and character of the incumbrance to which it was subject.   The evidence offered was competent and admissible for that purpose. The only exception taken by the plaintiff was to the admission of this evidence; we must assume that whatever other evidence was offered to support the defence was received without objection.   The defence charges a fraud in which the original debtors, the holders of the mortgage, and the plaintiff participated. It is well settled that such a fraud may always be proved by parol evidence, and, when so proved, it renders inoperative the formal transactions which may have been adopted by the parties in order to carry out the fraudulent purpose.   *Hills* v. *Eliot*, 12 **Mass.** 26, 31.   *Gilson* v. *Hutchinson*, 120 Mass. 27.

*Judgment on the verdict for the defendant.*