Smith & Crittenden v. Sands.

SMITH & CRITTENDEN, PLAINTIFFS IN ERROR, V. JERRY B. SANDS AND LEWIS H. KENT, DEFENDANTS IN ERROR.

**Sale:** PURCHASER: LIABILITY OF FRAUDULENT GRANTEE. A fraudulent grantee who obtains property of an insolvent debtor, with notice that the purpose of the debtor is to hinder and defraud his creditors, cannot be protected as against such creditors, and if he sell the property to a *bona fide* purchaser he is liable to the creditors for the value of the property, less any valid liens existing against it when the alleged purchase was made.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*Case & McNeny*, for plaintiffs in error.

*John Dawson*, for defendants in error.

MAXWELL, J.

This is an action to recover a judgment for the sum of $650 against Kent, who is alleged to be a fraudulent grantee of certain goods belonging to one Sands, by reason of which the plaintiffs were defrauded. A demurrer to the petition was sustained in the court below and the action dismissed. It is alleged in the petition in substance that, on the 18th day of January, 1884, the defendant, Sands, and his co-partner, Hullquist, were doing business at Orleans in this state; that during the year 1883 the plaintiffs sold to said firm divers goods, wares, and merchandise, for which said firm, on the 18th of January, 1884, was indebted to the plaintiffs in the sum of $503.88; that at the last mentioned date said firm had in their store at Orleans a large and valuable stock of " general merchandise, notions, boots and shoes, and goods and wares of various kinds, and notes, and accounts, and credits, the value whereof amounted

to about the sum of six thousand dollars;" that on the 21st of January, 1884, said firm confessed judgment in the county court of Phelps county in favor of the plaintiffs, a transcript of which judgment was then duly filed in Harlan county (in which Orleans is situated), and an execution issued thereon, which was returned wholly unsatisfied. That subsequent to the contracting of the debt aforesaid to the plaintiffs, to-wit, on the 18th day of January, 1884, the defendant, Sands, in the name of his firm, executed and delivered to the defendant, Kent, a chattel mortgage upon the stock of goods of said Sands & Co., the expressed consideration in said mortgage being about the sum of $2,700, and that said Kent afterwards sold said "goods to parties to plaintiff unknown;" that before the execution of said mortgage said Sands and Kent "combined, confederated, and conspired together against these plaintiffs and other creditors of J. B. Sands & Co., and that in pursuance of the confederation, combination, and conspiracy aforesaid, and to further and carry out the same the said defendant, Jeremiah B. Sands, made and executed in the firm name of J. B. Sands & Co. the chattel mortgage aforesaid to said Kent;" that the real consideration for said mortgage did not exceed the sum of $400, and the only purpose of said mortgage was to place said property beyond the reach of plaintiffs, "and convert to the use and benefit of said defendants, in fraud of the rights of plaintiffs the stock of goods, wares, and merchandise aforesaid."

"That said chattel mortgage was accompanied by a written agreement reserving a secret trust for the benefit of said defendant Sands, in fraud of the rights of plaintiffs, whereby the defendant Kent promised to pay over to defendant Sands all sums arising from the sale of said goods over and above the sum of seven hundred dollars." It is also alleged that this writing was kept secret by the parties to it; that the firm of J. B. Sands & Co. is insolvent, and that by means of the chattel mortgage the defendants

have obtained the property of Sands and company, and con-
verted the same to their own use, whereby the plaintiffs
have been defrauded and prevented from collecting their
claim.   There are other allegations in the petition to which
it is unnecessary to refer.   If the allegations of the petition
are true there is no doubt the plaintiffs are entitled to re-
cover.

That the fraudulent grantee in possession of the prop-
erty, of the debtor cannot be protected as against the
creditors of the debtor is too well established to require
the citation of authorities.   Such property is held by the
fraudulent grantee in trust for creditors of the debtor, and
if the property is converted into money it is impressed
with the same trust, and it is the duty of the court to see
that the property or money, being that of the debtor, is
applied upon the debts.

The question here involved was before the supreme
court of Wisconsin in *Ferguson v. Hillman*, 55 Wis., 181.
In that case one Mathews was in embarrassed circum-
stances and unable to pay his debts.   Hillman was well
acquainted with all the facts, and took conveyances from
Mathews of all his real estate not exempt from execution,
paying nothing therefor except the assumption of certain
mortgages and judgment liens on the premises, and the
debt of one creditor in addition to a claim due to Hill-
man himself.   At the same time Hillman took two chat-
tel mortgages upon all the exempt personal property of
Mathews, and as a consideration therefor gave his promis-
sory note for $3,000, due in three and six months, and in
exchange for this note took two notes of Mathews, one for
$1,500, and one for $2,000, due at a future date, and the chat-
tel mortgage was given to secure these notes.   The $500 dif-
ference between the notes was claimed to be a debt due from
Mathews to Hillman.   The court held that these facts with
others shown in the record were sufficient to prove the in-
tent to hinder and delay creditors of Mathews, and personal

judgment against Hillman for an amount not exceeding the value of the property of Mathews converted by him was sustained. In *Fullerton v. Viall*, 42 How. Pr., 294, the defendant had taken a conveyance from a debtor of certain real estate upon which there was a mortgage of $800, and agreed to pay in addition the sum of $1,000, of which sum $500 was to be paid in cash, and $500 in a debt alleged to be due from the defendant to the debtor. Before the creditor's suit was commenced the defendant had sold the real estate to a *bona fide* purchaser for the sum of $2,270. The court found that the conveyance was made in fraud of the creditors of the grantor, and that the creditors were entitled to judgment against the defendant for the value of the real estate conveyed to him over and above the prior incumbrance thereon. This case was afterwards affirmed by the court of appeals, and is cited with approval in *Union National Bank v. Warner*, 12 Hun., 306–8. To the same effect also *Murtha v. Curley*, 90 N. Y., 372. Wait on Fraud. Conv., §§ 177, 178.

A debtor, while the owner of his property, sustains two distinct relations in regard to it, viz., as owner and as *quasi* trustee for his creditors. If his creditors have taken no lien upon the property as security they may be said to have given him credit upon the implied agreement that his property shall, if necessary, be applied to the payment of his debts, and such creditors have an equitable lien upon the property for that purpose. Bump on Fraudulent Conv., 13, 14. *Eppes v. Randolph*, 2 Call, 125. *Seymour v. Wilson*, 19 N. Y., 417. The law requires the debtor to act in good faith with his creditors, and apply his property not exempt, if need be, to the payment of his debts. If he attempts to evade this duty, and for the purpose of hindering or defrauding his creditors by transferring his property to another without consideration, or with knowledge on the part of grantee of the fraudulent intent, such grantee will take the property charged with

the trust, and if he converts the property into money he will be liable for its value, less any valid liens subsisting against it. And as the court administers both law and equity it should adapt the relief to the facts proved, and if need be permit an amendment of the prayer or petition for that purpose. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.