Voorhees *et al. v.* Carpenter.

Filed Feb. 26, 1891.

----

No. 14,649.

VOORHEES ET AL. *v.* CARPENTER.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Rights of Creditors.*—A creditor can not maintain for his own benefit a suit to set aside a fraudulent conveyance made by a debtor who afterwards executes a voluntary assignment for the benefit of creditors where the trust is accepted and fully administered, although neither the assignee nor the creditor has any knowledge of the fraudulent conveyance until after the final settlement of the trust and the discharge of the assignee.

From the Fountain Circuit Court.

*T. F. Davidson,* for appellants.
*H. H. Dochterman,* for appellee.

Voorhees *et al.* *v.* Carpenter.

ELLIOTT, J.—The course pursued in argument narrows this controversy to a single controlling question, which may be stated thus: Can a creditor maintain a suit to set aside a fraudulent conveyance made by a debtor who afterwards executes a voluntary assignment for the benefit of creditors in a case where the trust is accepted and fully administered, but where neither the assignee nor the creditor has any knowledge of the fraudulent conveyance until after the final settlement of the trust and the discharge of the assignee?

The initial proposition is free from difficulty, for it is established law that an assignment, under the statute, for the benefit of creditors, vests in the assignee the right to set aside fraudulent conveyances executed by the assignor. *Cooper* v. *Perdue*, 114 Ind. 207; *Seibert* v. *Milligan*, 110 Ind. 106; *Simpson* v. *Warren*, 55 Me. 18; *Pillsbury* v. *Kingon*, 33 N. J. Eq. 287 (36 Am. R. 556); *Klapps* v. *Shirk*, 13 Pa. St. 589; *Thomas* v. *Talmadge*, 16 Ohio St. 433.

A corollary of this initial proposition is that property fraudulently conveyed vests in the assignee, and he—not the creditors—can maintain a suit to set aside the conveyance. *Seibert* v. *Milligan*, *supra*; *Hasseld* v. *Seyfort*, 105 Ind. 534; *Lord* v. *Fisher*, 19 Ind. 7; *Hallowell* v. *Bayliss*, 10 Ohio St. 536.

The effect of these settled principles is that the assignee must, as a general rule, bring the suit to set aside the fraudulent conveyance, and this general rule must govern here unless there are peculiar elements taking this case out of that rule. The only fact that can give plausibility to the contention that the case is not within the general rule is the fact that there was no discovery of the fraudulent conveyance until after the trust had been closed and the assignee discharged.

It can not be doubted that the final order adjudging that the trust had been settled and directing a discharge of the assignee put an end to his authority. *Morrill* v. *Dunn*, 39 Maine, 281. But it does not follow that the termination of

the assignee's authority revested or revived the right of a creditor to subject property, which ought to have been included in the trust, to sale for the payment of his own debt. The point which requires elucidation is not one concerning the right of a creditor to bring suit to reopen the trust or to secure the appointment of a new trustee, but it is one involving the right of a creditor to secure for his own benefit property which ought to have gone into the trust, and which would have gone there had not the wrong of the debtor in concealing the fraudulent conveyance kept it from the hands of the assignee. The case before us is, it is very evident, entirely different from one in which a creditor seeks to uncover a fraudulent conveyance and make the property available for the benefit of all creditors. That end could doubtless be attained by a proper application to a court of equity, but we have here no question as to the right to appoint a new trustee or reinstate the old one; the question we have here is a radically different one.

The decisions to which we have referred declare that a voluntary assignment must be so administered as to put creditors upon an equality. It is the duty of the assignee to use all lawful means to secure the property of the debtor and apply it to the payment of creditors. The theory of the law regulating voluntary assignments for the benefit of creditors is, that all of the debtor's property shall go into the trust and pass into the hands of his assignee. After the assignment takes effect the right of creditors to seize the property of the debtor is, as a general rule, at an end, for the assignee becomes their representative for the purpose of securing assets and collecting claims. The debtor does not, in any sense, constitute the assignee his agent; on the contrary, the deed of assignment creates an irrevocable trust for the benefit of creditors, and the trust becomes one to be administered under the supervision and control of a court of equity. *Moses* v. *Mugatroyd,* 1 Johns. Ch. 119; *Shepherd* v. *McEvers,* 4 Johns. Ch. 136; *Ward* v. *Lewis,* 4 Pick. 518; *Pingree* v·

*Comstock,* 18 Pick. 46 ; *Read* v. *Robinson,* 6 Watts & S. 329 ; *Ingram* v. *Kirkpatrick,* 6 Iredell Eq. 463 ; *Stimpson* v. *Fries,* 2 Jones Eq. 156. As the assignee is, in the true sense, a trustee, it is entirely consistent with principle to hold that he is the representative of the beneficiaries and not of the creator of the trust. So it is held by many courts. *Ware* v. *Gardner,* L. R. 7 Eq. 317 ; *Doe* v. *Ball,* 11 M. & W. 531 ; *Holmes* v. *Penney,* 3 Kay & J. 90 ; *Root* v. *Potter,* 59 Mich. 498 ; *Ceineman* v. *Hart,* 55 Mich. 64 ; *Robinson* v. *Bliss,* 121 Mass. 428.

It has been held, in well-reasoned opinions, by the Supreme Court of Massachusetts, that an assignee may elect to confirm or to repudiate a fraudulent conveyance. *Freeland* v. *Freeland,* 102 Mass. 475 ; *Harvey* v. *Varney,* 98 Mass. 118 ; *Snow* v. *Lang,* 2 Allen, 18 ; *Butler* v. *Hildreth,* 5 Met. 49. If this be the law, then it would seem clear that a creditor has no right to proceed against property fraudulently conveyed, since that right passes from the creditor and lodges in the assignee. But, aside from this consideration, the conclusion must be, that the trustee is alone invested with the right to set aside a fraudulent conveyance after the trust has once become effective, for the reason that when the trust is once established it fastens upon all property subject to the claims of creditors. Once trust property it must remain trust property. As trust property it is property in which all the beneficiaries have an interest, and which no one creditor can appropriate to his exclusive benefit. He may have it brought into the trust, but he can not secure it and exclude other beneficiaries whose rights and equities are equal. Creditors are not remediless where the trust has been closed, although no one of them may be entitled to sue for his individual benefit, for equity, acting upon the maxim that a trust will not be allowed to fail for want of a trustee, will, on a proper application, appoint a trustee to execute the unexecuted trust. But, it is hardly necessary to suggest, it is one thing to appoint a trustee to execute a trust by securing

property fraudulently conveyed by the debtor, and quite another thing to permit one creditor to secure for his own benefit the debtor's property to the exclusion of other creditors. The conclusion which sound principle requires, is that what was once trust property continues to be such as long as it is within the power of equity to reach it for the beneficiaries, and that they may reach it by the intervention of a trustee as long as any right to it remains unextinguished. Just effect can not be given to our statute upon any other theory than that embodied in the conclusion stated. If it be held that one creditor may appropriate to his exclusive benefit property fraudulently conveyed by the debtor, the result is that what the statute makes trust property is not trust property. But, more than this, if it be held that what was trust property ceases to be such upon the discharge of the assignee, the way is opened for fraud, inasmuch as such a rule would enable one creditor to lie by and secure an undue advantage, and thus by indirect means defeat the principal object of the statute—that of securing an equal distribution of the debtor's property among all of his creditors.

Our conclusion finds support in analogous cases. It has been held by the Supreme Court of the United States that the failure of an assignee in bankruptcy to bring suit to set aside a fraudulent conveyance within the time limited will not confer upon creditors a right to bring such a suit. *Trimble* v. *Woodhead*, 102 U. S. 647 ; *Moyer* v. *Dewey*, 103 U. S. 301. Our own cases are, in principle, in harmony with our conclusion, for they affirm that where the debtor's property passes into a trust it is there for all the beneficiaries, and there it remains until the claims of the beneficiaries are provided for in due course of law. *Vestal* v. *Allen*, 94 Ind. 268, and cases cited ; *Blair* v. *Hanna*, 87 Ind. 298 ; *Barton* v. *Bryant*, 2 Ind. 189 ; *Carr* v. *Huette*, 73 Ind. 378 ; *Butler* v. *Jaffray*, 12 Ind. 504 ; *Northwestern Conference, etc.*, v. *Myers*, 36 Ind. 375. Other courts assert a similar doctrine. *Matter*

*of Assignment of Holbrook,* 99 N. Y. 539 ; *Batten* v. *Smith,* 62 Wis. 92; *Schaller* v. *Wright,* 70 Iowa, 667.

The complaint of the appellant does not charge that there was any collusion between the assignee and the debtor, nor does it charge that there was any refusal to bring suit to set aside the fraudulent conveyance. It proceeds from first to last upon an entirely different theory, for the theory of the pleader is, that upon the close of the trust the appellant had a right to secure the property fraudulently conveyed for his own benefit. The decision in *Wright* v. *Mack,* 95 Ind. 332, lends no support to the appellant, for in that case there was a wrongful refusal to sue on the part of the assignee and all of the creditors united in the suit. If all the creditors were here there would be some resemblance between the two cases, but here the plaintiff, instead of bringing all of the creditors into court in order to make them participants in the benefits sought to be secured, seeks to exclude all others from sharing those benefits with him.

It may be said with propriety, although there may be no necessity for the express statement, since the proposition expressed is self-evident, that the important factor in this case is that there was a voluntary assignment, carrying all the debtor's property into the trust for the benefit of all the creditors. This factor exerts an important influence, inasmuch as it fastens upon the debtor's property a trust which no one creditor can displace. It may, in the appropriate proceeding, be reached as trust property, but not as individual property for the exclusive benefit of a single creditor.

It is not necessary, nor, indeed, proper, for us to decide what effect should be given the order closing the trust if the case were one wherein a creditor was asking the appointment of a trustee, and seeking to secure the property fraudulently conveyed for the benefit of all the beneficiaries of the trust, since we have here no such case. All that we do decide, or that we can properly decide, is that the theory upon which the ap-

pellant proceeds is untenable, inasmuch as he seeks to seize the property fraudulently conveyed for his exclusive benefit, and does not bring other beneficiaries into court, nor sue in their behalf. As we have often decided, a plaintiff must succeed upon the theory he adopts or not succeed at all.

Judgment affirmed.

Filed Feb. 26, 1891.