Doherty *et al. v.* Holliday *et al.*

No. 15,390.

## DOHERTY ET AL. *v.* HOLLIDAY ET AL.

PLEADING.—*Joint Parties.*—*Cause of Action as to Only One Party.*—If a complaint assumes to state a cause of action in favor of two or more parties, and states a cause of action in favor of part only of the parties thus joined, it is bad on demurrer.

SAME.—*Joint Parties.*—*Creditor's Bill.*—If the parties are designated as plaintiffs in a complaint in the nature of a creditor's bill, and there is a statement of the respective claims of creditors showing that each claim is several and distinct, and there is no attempt to state a joint cause of action in favor of those who are named in the title, the general rule requiring a joint cause of action to be stated in favor of all the parties does not apply.

SAME.—*Code.*—*Equitable Relief.*—The code has not swept away former equitable rights, nor abrogated remedies that are essentially equitable; and the fact that it has provided for one form of action does not imply that equitable rights and remedies have ceased to exist.

PARTIES.—*Fraudulent Conveyance.*—*Creditor's Bill.*—In an action in the nature of a creditor's bill, brought to subject property fraudulently conveyed to a satisfaction of a creditor's claim, all creditors who make seasonable and appropriate application will be admitted as parties.

SAME.—*Fraudulent Assignee.*—A fraudulent assignee of property is a proper party in an action to subject such property to execution or the payment of the assignor's debts.

FRAUDULENT CONVEYANCE.—*Distribution of Assets.*—Where property has been fraudulently conveyed to avoid the payment of debts, all creditors of the fraudulent debtor will be permitted to share, upon due application, in the proceeds of the property so conveyed.

SAME.—*Grantee, When Liable.*—A person who takes a conveyance of property with the intention of aiding the grantor in defrauding his creditors is liable to such creditors to the extent of the property he receives, even though he subsequently disposes of the property, such a vendee is a trustee for the creditors.

PRACTICE.—*General Finding at One Term, Specific at Another.*—In an action brought by creditors to subject property to the satisfaction of their claims, the court may make a general finding at one term of the court to the effect that the transaction was fraudulent and the conveyance should be set aside; and at another term make the necessary specific findings and appropriate decretal orders respecting the amount and claims of each separate creditor.

Doherty *et al. v.* Holliday *et al.*

JURISDICTION.—*Equity Assumes for all Purposes.*—If a court of chancery assume jurisdiction of a case for one purpose it will retain jurisdiction for all purposes; and if a specific decree will not afford adequate relief, it will award compensation.

Opinion on petition for rehearing by DAILEY, J.

From the Montgomery Circuit Court.

*G. D. Hurley, M. E. Clodfelter, B. Crane* and *A. B. Anderson,* for appellants.

*G. W. Paul, M. W. Bruner, E. Woollen* and *W. W. Woollen,* for appellees.

ELLIOTT, J.—The complaint sets forth several and distinct claims in favor of the plaintiffs respectively, as creditors of the firm of Fisher Doherty & Son.

After alleging that the firm is indebted to the plaintiffs severally, and stating the amount and character of the claims distributively, the complaint charges that a conspiracy was entered into between Fisher Doherty and Marshall D. Doherty, who composed the firm of Doherty & Son, with other of the defendants, to defraud existing and subsequent creditors.

It is also alleged, with particularity, that pursuant to the conspiracy the firm of Doherty & Son fraudulently executed an assignment, that they also executed other conveyances and that they suffered judgments to be taken against them for the purpose of carrying into effect the fraudulent design of the conspirators.

The complaint prays judgment for "the amount of the several claims" of the plaintiffs, and that the conveyances be set aside as fraudulent.

In the title of the pleading, three persons are named, with many others, as plaintiffs, but in the body of the complaint no attempt is made to show that the three persons referred to are creditors of the defendants.

The appellants' counsel contend that the complaint is

bad because it does not show a cause of action in all who join as plaintiffs.

The general rule is this: If a complaint assumes to state a cause of action in favor of two or more parties, and states a cause of action in favor of part only of the parties thus joined, it is bad on demurrer. *Nave* v. *Hadley*, 74 Ind. 155; *Peters* v. *Guthrie*, 119 Ind. 44. See authorities cited Elliott's App. Proced., section 664.

We are not willing, however, to hold that the general rule applies to this case, for it is one of a peculiar character. Our judgment is that where parties are designated as plaintiffs in the title of a complaint in the nature of a creditors' bill, and there is a statement of the respective claims of creditors showing that each claim is several and distinct, and there is no attempt to state a joint cause of action in favor of those who are named in the title, the general rule does not apply. In order to determine whether the general rule governs, it is necessary to consider the general nature of the suit, and the principles by which suits of its class are controlled. The code does not sweep away former equitable rights, nor does it abrogate remedies that are essentially equitable; on the contrary, as our decisions prove, the court fully recognizes such rights and remedies. It is true that the code provides for one form of action, but this by no means implies that equitable rights and remedies have ceased to exist. In cases where the complaint states such facts as entitle the complainant to equitable relief, the court will look for guidance to the equity principles and doctrines.

The complaint in this case is in the nature of a creditors' bill, and looking to the equity doctrine applicable to such a case, we find that the rule is that the courts let in all creditors who make seasonable and appropriate application. *Pendleton* v. *Perkins*, 49 Mo. 565; *Johnson*

v. *Waters*, 111 U. S. 640; *Hartshorn* v. *Eames*, 91 Me. 93.

Our own court has given its sanction to the general doctrine. *Field* v. *Holzman*, 93 Ind. 205; *Phelps* v. *Smith*, 116 Ind. 387; *Towns* v. *Smith*, 115 Ind. 480.

The principle embodied in the maxim that "Equality is equity," has been enforced by our decisions. They have given it practical effect by holding that creditors should all be permitted to participate, upon due application, in the proceeds of property fraudulently conveyed. *Voorhees* v. *Carpenter*, 127 Ind. 300; *Vestal* v. *Allen*, 94 Ind. 268, and cases cited; *Barton* v. *Bryant*, 2 Ind. 189.

As it is the chief purpose of a complaint in the nature of a creditors' bill to secure property for the benefit of creditors and make an equal distribution of it, all creditors may unite, and in such a case the complaint ought not to be held bad because it fails to state the claims of three out of many persons, simply because the three are designated as plaintiffs in the title of the pleading. It would be carrying the general rule to an unreasonable length to apply it here, since that would give an undue importance to the formal part of the complaint denominated the title. *Mississinewa Mining Co.* v. *Patton*, 129 Ind. 472.

If the complaint had professed to state a joint cause of action, instead of stating independent claims, there might possibly be plausibility in the contention that as there was no right of action shown in all whose names appeared in the title of the complaint it should be held bad upon the ground that it does not state facts sufficient to constitute a cause of action.

The complaint charges that the assignment was fraudulent, and alleges that the assignee was a participant in the fraud, so that the rule that where there is an as-

Doherty *et al.* v. Holliday *et al.*

signee under the voluntary assignment act he must sue to set aside fraudulent conveyances made by the debtor, does not apply. The rule that the assignee is ordinarily the person who must sue, we fully approve, as the court has done before. *Voorhees* v. *Carpenter, supra,* and cases cited.

But we deny that the rule has any application to such a case as this.

One who colludes with a debtor to defraud creditors, is a proper party to a suit to set aside conveyances made in furtherance of the fraudulent design of the debtor.

A grantee of property conveyed by a debtor to defraud creditors is liable for the value of the property conveyed to him if he actively participates in the fraud, and subsequently disposes of the property. The doctrine that a fraudulent grantee must account for property which his wrongful act assisted in taking from the reach of creditors, rests on solid principle and has strong support from the adjudged cases. *Blair* v. *Smith,* 114 Ind. 114; *Post* v. *Stiger,* 29 N. J. Eq. 554; *Murtha* v. *Curley,* 90 N. Y. 372; *Ferguson* v. *Hillman,* 55 Wis. 181; *Williamson* v. *Williams,* 11 Lea, 355; *Smith* v. *Sands,* 17 Neb. 498; *Fullerton* v. *Viall,* 49 How. Pr. 294.

What we have said disposes of the objections urged against the complaint and requires the conclusion that there was no error in holding it good.

The court assessed damages in favor of the parties whose names appeared in the title of the complaint, but whose claims were not set forth. In this there was no error. If those parties were creditors they had a right to come in and have their claims allowed before final distribution of the avails of the property fraudulently conveyed. Where a court possessing equity powers acquires jurisdiction of property held by fraudulent grantees or assignees, it will decree sale and distribution of proceeds

Doherty *et al. v.* Holliday *et al.*

and will protect creditors, even though they were not original plaintiffs.

In the absence of a countervailing showing, the presumption is that the trial court proceeded regularly and rightfully. See authorities cited in Elliott's App. Proced., sections 709, 712.

As the court had authority to let in all creditors at any time while the proceedings were pending and open, and as there is nothing in the record showing that this authority was not properly exercised, it is our plain duty to give the presumption effect and sustain the rulings of the trial court.

Objections not made in the court below are, as a general rule, not available on appeal. If there was, as is now claimed, no issue under which the evidence of the claims of some of the creditors was admissible, the objection should have been made in the trial court. *Townsend* v. *State*, 132 Ind. 315; *Graves* v. *State*, 121 Ind. 357, and cases cited. See, also, authorities cited Elliott's App. Proced., sections 293, 476, 631.

During the September term the trial court made and entered a finding against the defendants therein named, and in favor of the plaintiffs. At the subsequent term, damages in favor of the plaintiffs respectively were assessed and the proper decree rendered. There was no error in this. A court of equity, in such a suit as this, may at one term enter a general finding of the character here made, and afterwards make the necessary specific findings and the appropriate decretal orders. It is manifest that a finding, such as that here first announced, does not end the controversy, since proof of claims and of other matters may be made at any time before the final decree terminating the suit.

Such cases as *Wray* v. *Hill*, 85 Ind. 546, are not in point here.

The liability of a fraudulent grantee who accepts a conveyance of property for the corrupt purpose of enabling the grantor to keep it from his creditors is not remote or contingent, although it is not strictly a legal liability. It is a direct liability, as clear and strong as any legal liability can be, created by courts of equity and rested upon broad principles of natural justice. The instant such a wrong-doing grantee accepts the conveyance he becomes a trustee for creditors, and he violates his duty as trustee if he makes way with the trust property. *Blair* v. *Smith, supra; Chamberlin* v. *Jones,* 114 Ind. 458.

If he sells it, equity will follow the proceeds of the sale into his hands, or, if justice requires, charge him with the value of the property. Whether he holds as trustee or violates the trust by disposing of the property, equity will hold him liable, and make such a decree as will protect or enforce the rights of creditors. *Reeg* v. *Burnham,* 55 Mich. 39; *Farlin* v. *Sook,* 30 Kan. 401; *Mason* v. *Pierron,* 69 Wis. 585; *Christian* v. *Greenwood,* 23 Ark. 258; S. C. 79 Am. Dec. 104.

The appellant's counsel, as is evident from what we have said, are in error in assuming that equity will not make a fraudulent grantee account for the value of property sold by him after its conveyance to him by the fraudulent grantor. It is, we may add, a familiar principle of equity jurisprudence, that where a court of chancery assumes jurisdiction of a case for one purpose it will retain jurisdiction for all purposes, and if a specific decree will not afford adequate relief it will award compensation.

The evidence fully supports the finding of the trial court, and the record shows that the merits are entirely with the appellees.

Judgment affirmed.

Filed Nov. 3, 1892.

## PETITION FOR A REHEARING.

DAILEY, J.—An able and earnest petition has been filed by the appellant Mattison O. Doherty in this cause, in which it is insisted that "this suit can only be maintained by the assignee, Alexander F. Ramsey." This attacks the complaint upon the ground that there is a defect of parties plaintiff. It is charged in the complaint that there was a conspiracy formed by Fisher Doherty, Marshall D. Doherty and the firm of Fisher, Doherty & Son, composed of said Fisher Doherty and Marshall D. Doherty, with Mattison O. Doherty and the said Alexander F. Ramsey to defraud the creditors of said Fisher Doherty & Son, and that the assignment was made in furtherance of the scheme of the conspirators. In regard to this matter ELLIOTT, J., in the opinion of this court, said: "The complaint charges that the assignment was fraudulent, and alleges that the assignee was a participant in the fraud, so that the rule that, where there is an assignee under the voluntary assignment act, he must sue to set aside fraudulent conveyances made by the debtor, does not apply." In their brief counsel for the appellants say: It clearly appears from the allegations of the complaint, that Alexander F. Ramsey was duly appointed assignee of Marshall D. Doherty. In this assertion they are sustained by the record, for in it is averred "that prior to the taking of said confessed judgment by said bank" (The First National Bank of Crawfordsville, Indiana) "and as a part of the same transaction and as a part of said fraudulent scheme and conspiracy, the said Davidson, as attorney for said Marshall D. Doherty, made out and prepared a deed of assignment purporting to convey to his client, Alexander F. Ramsey, all the goods, chattels and stock

in trade." It necessarily follows that Alexander F. Ramsey was not in fact "an assignee under the voluntary assignment act" of F. Doherty & Son, but of an individual member of that firm, and therefore was very properly made a defendant in this cause, since it was instituted to recover a judgment against the firm and to set aside fraudulent conveyances made by the individual members of the firm.

We need not consider the question of the sufficiency of the complaint further, as counsel for the appellants, in concluding their criticism, say that "The complaint may be good against Mattison Doherty on demurrer."

The second reason stated in the petition for rehearing is, that "There is no allegation that Mattison Doherty has sold, conveyed or converted the property to his own use," and "he is not liable to a personal judgment."

Counsel appeal to "the complaint and the whole record," to support them in this contention.

We take the liberty of quoting briefly from the complaint. It contains, in substance, the following allegations:

First. That Fisher Doherty, Marshall D. Doherty and the firm of Fisher Doherty & Son, composed of said parties, were all insolvent in April, 1889, and that the firm and its individual members (as heretofore stated) then entered into a conspiracy with Mattison Doherty to defraud, by purchase of large amounts of goods on credit, in the name of the firm, and then to convert the goods into cash, and to conceal the money and part of the goods so purchased, and in furtherance of said conspiracy and design aforesaid, the Dohertys and Ramsey sold large amounts of goods, etc., purchased of the plaintiffs, etc., under the fraudulent scheme, whereby they obtained large amounts of money, to wit, $10,000, which they have received and converted to their own use, etc."

We observe that appellants' counsel, near the close of their reply brief, say: "We do not ask the court to hold the complaint bad, because the finding, judgment and whole record show some of the material averments to be untrue. This is not our position. We ask the court to grant us a new trial because the appellees failed to prove some of the most material allegations of their complaint. Allegations, without which, their complaint would be clearly bad on demurrer."

ELLIOTT, J., after an examination of the evidence for this court, concludes his opinion by saying: "The evidence fully supports the finding of the trial court, and the record shows that the merits are entirely with the appellees."

We think the court did not err in the conclusion reached. The evidence fairly shows that Mattison O. Doherty aided in the fraud of the other appellants, and took, secreted and converted to his own use a large amount of money and property that should have been applied to the payment of the debts due the appellees, and if so, he is liable to a personal judgment for the value of the property thus taken, which would aggregate a sum much larger than the judgment rendered against him. The pretense for the transfer of some of the property to Mattison O. Doherty, was that it was in discharge of a preëxisting debt owed by Fisher Doherty & Son to him, but no such claim was ever listed by Mattison for taxation, and there was evidence from which the court could fairly infer that none existed.

The case of *Smith* v. *Freeman*, 71 Ind. 85, was an action to recover damages growing out of a fraudulent combination and conspiracy to cheat and defraud the appellee. The complaint was upheld, declarations of a co-conspirator were admitted in evidence, and judgment rendered against the appellant, who sustained the same

relation in that case that the appellant Mattison O. Doherty does in this, and, on appeal, the judgment was sustained.

In the case of *Everroad* v. *Gabbert,* 83 Ind. 489, the appellee sued the appellants, in the Bartholomew Circuit Court, to recover damages for the conversion of personal property. The jury found for the appellee. The court said: ''The words 'we, the jury, find for the plaintiff,' are equivalent to a finding that the appellee was the owner, and entitled to the immediate possession of the property described in the complaint, and that the appellants * * converted the same to their own use. There is but one finding for the appellee, and but one conversion found. The finding is against all the appellants, and finds them all jointly guilty.'' Again, the court said: ''The appellee insists that under section 41, of the code of 1852, 2 R. S. 1876, p. 51, the complaint in actions for torts is to be regarded as several, and that, therefore, the damages for a tort committed by several jointly may be severed. We think that under the code, as before its adoption, the complaint or declaration in actions for torts is to be regarded as several, and it was for this reason that at common law, though several were sued jointly, some might be found guilty and others not guilty. But it does not follow that under the code, any more than at common law, where two or more are found guilty of a joint wrong, the damages can be severed. * * * The object of the provision obviously is, to prevent a plaintiff who proves a good cause of action against part of the defendants, but not against the others, from being put to delay and expense of a new action. It was not intended to change the law in any other respect; but simply applies to actions upon contract the same rules which at common law were applied to actions of torts. By the rules of the common law, the damages

for a tort committed by two or more jointly could not be severed.    The code has not changed the law, in this respect.''

In *Terrell* v. *Butterfield, Exr.*, 92 Ind. 1 (10, 11), the court said: ''The jury might have found from the evidence before them, that both McCarty and Terrell, with full knowledge of the facts, participated in the wrongful conversion of Coburn's money.   In such case, the joint conversion of the money by McCarty and Terrell, made them jointly liable therefor to Coburn or his executor.''

The case of *Chamberlin* v. *Jones*, 114 Ind. 458, in many of its features, is the counterpart of this case, so far as it involves the Dohertys.   In it the material facts appear to be as follows:   ''In July 1884, Parrott & Co. were partners trading as merchants, and owners of a stock of goods worth $1,500.   They were indebted to Jones, McKee & Co., for goods sold and delivered, to the amount of $458.76.   The debt was evidenced by four promissory notes.   Intending to cheat and defraud their creditors, and to prevent the plaintiffs from collecting their debt, the first named partners caused a bill of sale to be made, by which they assumed to transfer their entire stock to the defendant Chamberlin for the nominal consideration of $650, the receipt of which they acknowledged in the written sale bill.   It is charged that Chamberlin, participating in their fraudulent purpose, received the bill of sale and took possession of the stock, with the intent to place the goods beyond the reach of legal process, and that he neither paid nor agreed to pay anything for the stock, except that he agreed to account to Parrott & Co. for the surplus over $650.   What was to be done with the $650, does not appear from the complaint.   It is further charged that Chamberlin, with the co-operation of the other defendants, transferred the goods from the town of Melotte, Fountain county,

the place where Parrott & Co. had previously carried on business, to the city of Lafayette; and that he had concealed and mixed them with his own goods, so that their identity was lost; and that he realized from the sale of the goods so taken and concealed, $500, for which he has never accounted.''

In that case, as in this, upon issues duly made, there was a finding and judgment against all the defendants. Chamberlin appealed, as Mattison O. Doherty here does. The argument on his behalf was predicated on the proposition that the facts stated in the complaint were not sufficient to constitute a cause of action against him; or, if they were, that they did not show a common liability with the other defendants.

The court said: ''The *gravamen* of the complaint against Chamberlin in the present case is, that he entered into a conspiracy with Parrott & Co., to assist them in defrauding their creditors, and that in pursuance thereof he took their goods under cover so as to screen them from legal process; that he converted the goods into money for the purpose of enabling his co-defendants to enjoy the surplus over $650, and that after consummating the scheme he had $500 in money, unaccounted for, in his hands, part of the proceeds of the goods sold and converted. * * * If he (such conspirator) conceals the property, or converts it into money, or otherwise puts it beyond the reach of legal process, he is guilty of a breach of duty, and a court of equity will compel him to account according to the justice of the case.''

In the case at bar, there was evidence which tends to show that the Dohertys combined to first obtain the appellees' goods, and then to fraudulently dispose of them and put the proceeds thereof beyond the reach of legal process.

The question as to whether a conspiracy existed, is one peculiarly for the trial court, and where there is any evidence at all supporting the decision of that court upon the question, it will be respected by this court. *Huckstep* v. *O'Hair,* 8 Ind. 253; *Smith* v. *Freeman,* 71 Ind. 85 (92); *Card* v. *State,* 109 Ind. 415; *Hunsinger* v. *Hofer,* 110 Ind. 390.

The petition for rehearing is overruled.

